ROBERT M. MORSE *vs.* COUNTY OF NORFOLK.

Barnstable.   March 1, 1898. — March 30, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Claim of Counsel of County Commissioners against County — Legislative Order — Certiorari.*

The county commissioners of the county of Norfolk had no authority to put upon the county the expenses incurred by them in appearing by counsel before the legislative committee appointed conformably to the order of the Legislature of April, 1896, to investigate their acts; and the contention that their action in approving the bill and ordering it to be paid can only be reviewed upon a writ of *certiorari* is unsound, as *certiorari* lies only to review judicial proceedings.

CONTRACT, to recover for professional services. The case was submitted to the Superior Court, and, after a *pro forma* finding for the defendant by *Fessenden*, J., to this court, on appeal, upon agreed facts, the nature of which appears in the opinion. If the plaintiff was entitled to recover, judgment was to be entered for the amount of his account, with interest; otherwise, judgment for the defendant.

*S. Lincoln,* (*C. E. Hellier* with him,) for the plaintiff.
*H. P. Harriman & G. P. Wardner,* for the defendant.

ALLEN, J.   In enlarging the court house in Dedham, the county commissioners did not act as agents of the county, but as officers designated by statute for the performance of that service. In Pub. Sts. c. 22, § 5, it is provided that each county except Suffolk shall provide suitable court houses for the use of the county; and in § 20, that county commissioners shall have authority to provide for erecting and repairing court houses within and for the use of their county. Though not officers of

the Commonwealth in such a sense as to be impeachable under the Constitution, (*Opinion of the Justices*, 167 Mass. 599,) this service is rendered under statutory authority and duty. By St. 1892, c. 86, the county commissioners of the county of Norfolk were authorized to enlarge the court house in Dedham, and for that purpose to borrow on the credit of the county or to raise by taxation a sum not exceeding $75,000. By St. 1894, c. 15, they were authorized to borrow on the credit of the county, or to raise by taxation a sum not exceeding $125,000 more, and to expend the same for the purpose of completing the court house. The alterations and refurnishings were completed in 1895, at a total cost of from $340,000 to $390,000, according as certain items were or were not included as a part thereof. Court houses are built and maintained strictly for public purposes. The use of them is not limited to the inhabitants of a county, but it extends to all who have a right to resort to the courts, or to the public offices which are usually contained in court houses. The expense of providing court houses is imposed on the counties; but the control of the work of building them is not given to the counties. This control is usually given to the county commissioners, though the Legislature might, if it saw fit, intrust it to persons specially designated for that purpose. For example, the court house in Boston was authorized to be built by a special commission appointed by the mayor. Sts. 1885, c. 377; 1886, c. 122; 1887, c. 101; 1892, c. 288. See also *Prince v. Crocker*, 166 Mass. 347, 360. In short, the Legislature may by general or special laws make such provision as it sees fit in respect to the erection and control of court houses, and may authorize and require a county to raise and appropriate the necessary money therefor; and in performing such a service, the designated officers, whether county commissioners or otherwise, are acting under the direction of the laws of the State, and not as agents of the county. *Griggs v. Foote*, 4 Allen, 195, 197. *Brimmer v. Boston*, 102 Mass. 19, 22. *Worcester County v. Worcester*, 116 Mass. 193. *Hill v. Boston*, 122 Mass. 344, 353. Dillon, Mun. Corp. (4th ed.) § 23, *n.* If the amounts which they were authorized to expend were insufficient, it was their duty to lay the matter before the Legislature for its action. *District Attorney v. County Commissioners*, 14 Gray, 138.

In April, 1896, the Legislature adopted an order for the appointment of a committee to investigate the acts of the several boards of county commissioners of Norfolk County since the year 1890, to ascertain if there had been any illegal payment or expenditures of the county's moneys or funds in the construction, enlargement, repairs, or furnishings of the court house in Dedham, and to ascertain if there had been any illegal or improper transfers of appropriations made by said commissioners during that time. No charges of any kind, either of fraud or misconduct on the part of any member of any of the boards of county commissioners, were filed before the committee; but the Legislature saw fit to order an investigation, and in this manner virtually to call its agents and servants to account. It was, no doubt, for their personal interest to clear themselves if they could from the suspicion of having illegally expended the money of the county; but the question is whether they were authorized to subject the county to the expense of their defence. If formal charges had been filed against them, or if they had been indicted for malversation in office, it seems quite clear that they could not call upon the county to defend them. And it seems to us that the same rule applies when their acts were under investigation by the Legislature, whose agents and servants they were. In doing the acts which were under investigation they were not the agents of the county; and they did not become so when they sought to clear themselves from the suspicion under which they labored. In appearing before the committee of the Legislature they did not represent the county, and they had no authority, either express or implied, to put upon the county the expense incurred by them in so doing.

The case bears but slight resemblance to *Lawrence* v. *McAlvin*, 109 Mass. 311, which is relied on by the plaintiff. In that case the city government of Lawrence had ordered an investigation of charges of misconduct in office which had been made against certain of its officers. It was found that there was no cause to censure them, and that, on the contrary, they were entitled to great commendation. Thereupon the city government, which had ordered the investigation, assumed the expenses of their defence, as an act of justice; and it was held that it might lawfully do so. In the present case, the county

did not order the investigation; it does not appear that the county commissioners had conducted themselves in good faith; and it was by their own act that the attempt was made to put the expenses of their defence upon the county. We think it quite clear that they had no authority to do this, and that the county cannot justly be held responsible. See *Minot* v. *West Roxbury*, 112 Mass. 1; *Coolidge* v. *Brookline*, 114 Mass. 592; Dillon, Mun. Corp. (4th ed.) § 147, and cases there cited.

It is contended by the plaintiff, however, that the action of the county commissioners in approving his bill and ordering it to be paid can only be reviewed upon a writ of *certiorari*. But their act in approving the plaintiff's bill for services rendered to them was not a judicial act; and *certiorari* lies only to review judicial proceedings. *Attorney General* v. *Northampton*, 143 Mass. 589.                *Judgment for the defendant.*