McCREERY ENGINEERING CO. v. MASSACHUSETTS FAN CO. et al.

(Circuit Court, D. Massachusetts.  June 24, 1910.)

No. 667.

1. PATENTS (§ 287*)—INFRINGEMENT—ACTS CONSTITUTING.

   A bill to restrain the infringement of a patent for a ventilating device will not lie against county commissioners, merely because a contractor for a public building has placed an infringing device in such building, without its having been specified in the contract and without knowledge on their part of the patent, which device has not been used.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 457–459; Dec. Dig. § 287.*]

2. STATES (§ 191*) — STATE AGENCIES — COURTHOUSES — INJUNCTION AGAINST USE OF INFRINGING DEVICE.

   Under the statutes and decisions of Massachusetts, a courthouse is an agency of the state, and county commissioners, when required by statute to build and maintain a courthouse, act therein as representatives of the state, and they cannot be enjoined from operating a ventilating apparatus placed in a courthouse by a contractor for its construction, on the ground that the operation infringes a patent.

   [Ed. Note.—For other cases, see States, Dec. Dig. § 191.*]

In Equity.  Suit by the McCreery Engineering Company against the Massachussetts Fan Company and the County Commissioners of Essex County, Mass.  On pleas.  Plea of the County Commissioners sustained, and of the corporation defendant overruled.

Samuel D. Elmore, for complainant.

Stewart, Coolidge & Rand and Roberts, Roberts & Cushman, for defendants.

LOWELL, Circuit Judge.  This was a bill in equity to restrain the infringement of letters patent No. 917,185, issued to Taylor for an improvement in ventilation.  The bill was brought against a corporation concerned in the furnishing of a courthouse at Salem, in the county of Essex and commonwealth of Massachusetts, and against the three persons who are now county commissioners for that county, apparently in their official capacity.  The pleas of the commissioners set forth that, as county commissioners and by virtue of a certain statute, they entered into a contract with a stranger to the present bill for building the county courthouse above mentioned.  The contract did not provide specifically for the use of the alleged infringing device, but this was installed by the subcontractor, here defendant, without further connection or communication with the defendant commissioners.  The device is installed in the courthouse.  It has not been operated by any of the commissioners or by any one else.  The defendant corporation's plea is to the same effect, and apparently rests its own defense upon the want of jurisdiction in this court to restrain altogether the use of the device alleged to infringe.  The hearing before the court was on bill and plea.

Thus far the commissioners have committed no tort.  To put the case most favorably for the complainant, they have, through their

agent, bought a patented device from an infringer without satisfying the patentee's claims, being ignorant of their existence. This is not infringement, and the vague charges made in the bill of conspiracy and of profits received by the commissioners are negatived by the plea. Therefore the defendant commissioners have thus far done nothing actionable, and, if they may be enjoined in this proceeding, it is only because they are deemed likely to commit a future tort. This is imperfectly charged against all the defendants generally:

"That the use of said inventions by the said 'defendants, and their preparation for and avowed determination to continue the same, and their aforesaid unlawful acts in disregard and in defiance of the. rights of your orators, have the effect to and do encourage and induce others to infringe."

The defendant commissioners cannot continue an unlawful act which they have not yet begun to commit, and as to them the bill, unamended, must be dismissed on the grounds just mentioned. The complainant may seek to amend, however, and, as the commissioners do not deny their intention to use, an amendment is probable. It was assumed at the argument that they rested their defense on the ground that, while the county of Essex may be a corporation suable, yet the county courthouse is an agency of the commonwealth, and that no injunction will issue to restrain a state from using a courthouse for the state's purpose.

If the defendant's contention concerning the nature of the courthouse is correct, this case is governed by Belknap v. Schild, 161 U. S. 10, 16 Sup. Ct. 443, 40 L. Ed. 599, and International Postal Supply Co. v. Bruce, 194 U. S. 601, 24 Sup. Ct. 820, 48 L. Ed. 1134. In the latter case the Supreme Court refused an injunction against a postmaster from using an infringing device then leased to the United States. As to the defendant commissioners, the only question here left open is therefore this: Is the county courthouse such an agency of the commonwealth as to be like a post office in the latter's relation to the United States?

This is largely a question to be determined by the statutes and decisions of Massachusetts. In Morse v. Norfolk County, 170 Mass. 555, 556, 49 N. E. 925, the Supreme Court of Massachusetts said:

"Courthouses are built and maintained strictly for public purposes. The use of them is not limited to the inhabitants of a county, but it extends to all who have a right to resort to the courts, or to the public offices which are usually contained in courthouses. The expense of providing courthouses is imposed on the counties; but the control of the work of building them is not given to the counties. This control is usually given to. the county commissioners, though the Legislature might, if it saw fit, intrust. it to persons specially designated for that purpose. For example, the courthouse in Boston was authorized to be built by a special commission appointed by the mayor. St. 1885, c. 377; St. 1886, c. 122; St. 1887, c. 101; St. 1892, c. 288. See, also, Prince v. Crocker, 166 Mass. 347, 360, 44 N. E. 446, 32 L. R. A. 610. In short, the Legislature may by general or special laws make such provision as it sees fit in respect to the erection and control of courthouses, and may authorize and require a county to raise and appropriate the necessary money therefor; and in performing such a service, the designated officers, whether county commissioners or otherwise, are acting under the direction of the laws of the state, and not as agents of the county."

In Opinion of the Justices, 167 Mass. 599, 600, 46 N. E. 118, the Supreme Court said:

"They [the county commissioners] have some duties or functions which concern the people of the state at large. But it seems to us that they are essentially a local body. They are elected by the people of a county, and their duties relate chiefly to the affairs and interests of the county. Some of their duties are much like duties performed by selectmen, or by a mayor and aldermen, except that their jurisdiction extends over the whole county. In Nantucket, selectmen by law perform the duties of county commissioners. In Suffolk County, these duties are performed in part by municipal officers."

From a comparison of this language, it seems that the duty of the commissioners to build and equip courthouses is a duty or function which concerns the people of the state at large. Their duty to maintain a courthouse once erected seems to be of the same sort. Rev. Laws Mass. c. 20, generally, and especially sections 5 and 24. For the most part, the use of a courthouse is not that which is limited to the inhabitants of the county. To close the commonwealth's courts is to assail its sovereignty rather than to incommode the citizens of Essex county. Even if ventilation be less necessary to the holding of a court than are light and heat, concerning which proposition no opinion is here expressed, yet to deny ventilation to a courtroom is at the least to embarrass the administration of the state's justice. For these reasons I am of opinion that no injunction should issue to restrain the defendant commissioners from operating the ventilating machinery, even if they thereby infringe the complainant's patent. As to the commissioners, therefore, this bill, amended or unamended, will stand dismissed, without prejudice to an action at law against them individually for infringement.

For what purpose the defendant corporation entered its plea is not clear. Past infringement is not denied, and future infringement is not improbable. That the defendant commissioners are not liable, for the reasons above stated, does not release the defendant corporation from liability. Its plea is therefore overruled.