Charles A. Lucia & others *vs.* Water and Sewer Commissioners of Medford & another.

Middlesex. March 8, 1955. — April 4, 1955.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Williams, JJ.

*Certiorari. Pleading, Civil,* Demurrer. *Public Utilities.*

All grounds assigned in a demurrer to a petition for a writ of certiorari are open upon a report of an order sustaining the demurrer, and the order should be affirmed if any ground is good even though it is not the ground upon which the order was based. [469–470]

A petition for a writ of certiorari brought by residents and taxpayers of a city against its water and sewer commissioners and its city manager seeking to quash increased water rates alleged to have been established was ordered dismissed on the ground that the petitioners were not shown to have been water takers so as to be injured by the increased rates and also on the ground that rate making is a legislative function not reviewable on certiorari. [470]

PETITION for a writ of certiorari, filed in the Superior Court on May 18, 1954.

The case was heard by *Brogna*, J., on demurrer.

*James McCaffrey*, for the petitioners.

*Mark E. Gallagher, Jr.*, City Solicitor, for the respondents.

RONAN, J. This is a report as to the correctness of his ruling made by a judge of the Superior Court in sustaining a demurrer to a petition for a writ of certiorari brought by thirteen residents and taxpayers of Medford against the water and sewer commissioners of said city and against the city manager of said city seeking to quash the water rates alleged to have been established by the city manager.

The petition alleges that the city is a member of the metropolitan water district in accordance with G. L. (Ter. Ed.) c. 92, § 10, as appearing in St. 1945, c. 587, § 1, as amended, that the respondent water and sewer commissioners, hereinafter called the board, have the supervision and control of the water sources, water, and waterworks owned and used by the city, and that, with the approval of the respondent city manager, they have the authority to fix and determine, subject to the further approval of the metropolitan district commission, the rates to be charged in said city for water supplied to water takers therein, all as provided by G. L. (Ter. Ed.) c. 92, § 27. The petition further alleges that the board submitted to the city manager for his approval a schedule of the proposed rates but that he refused to approve such rates and instead sent to the board another schedule showing in some instances increased rates, and that the board is charging the rates shown in the schedule prepared by the city manager. The petition prayed that the rates fixed by the city manager be declared null and void and that the board be ordered to fix and determine the rates without his approval.

The demurrer sets forth various grounds, the validity of each of which is open upon the report, and the action of the judge may be sustained on a ground different from that upon which his decision was based, *Daddario* v. *Pittsfield*,

301 Mass. 552, 554, *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 628; and the demurrer should be sustained if any ground assigned is sufficient to show that the petition for a writ of certiorari is defective. *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24, 25. *Hendrick* v. *West Roxbury Co-operative Bank,* 325 Mass. 671, 672–673. The report states that the following occurred at the hearing on the demurrer: "At a hearing on the within demurrer and for the purpose of decision hereon the petitioners admitted that the defendant Shurtleff is the city manager of the respondent city (see c. 43, §§ 103 and 104) upon consideration thereof the within demurrer is sustained." That admission for what it was worth was binding upon the petitioners. *Brocklesby* v. *Newton,* 294 Mass. 41. *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599. It was consistent with the allegation that the rates were subject to the approval of the city manager and inconsistent with the prayer of the petition that the board be ordered to fix and determine the rates without his approval.

We need not decide whether or not the approval of the city manager was essential, for the petition is defective on various grounds. For instance, none of the petitioners alleged that he is a water taker and thereby injured by the increased rates set forth in the schedule of the city manager. Relief in certiorari proceedings is available only to those who allege and prove that they have suffered substantial injury because of the proceedings of which they complain. *North Shore Corp.* v. *Selectmen of Topsfield,* 322 Mass. 413, 418. *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779. In the next place, a petition for a writ of certiorari lies to review proceedings of a judicial or quasi judicial nature. *Locke* v. *Selectmen of Lexington,* 122 Mass. 290. *Attorney General* v. *Mayor & Aldermen of Northampton,* 143 Mass. 589. *Morse* v. *Norfolk County,* 170 Mass. 555. *Fitzgerald* v. *Mayor of Boston,* 220 Mass. 503, 506. Rate making, however, is a legislative function. *Lowell Gas Co.* v. *Department of Public Utilities,* 324 Mass. 80, 84–89. *New England Telephone & Telegraph Co.* v. *Department of*

*Public Utilities,* 327 Mass. 81, 85. *Opinion of the Justices,* 328 Mass. 679, 681.

The interlocutory decree sustaining the demurrer must be affirmed and judgment entered dismissing the petition.

*So ordered.*