JOHNSON PRODUCTS, INC. *vs.* CITY COUNCIL OF MEDFORD
(and a companion case[1]).

Middlesex.   October 5, 1967. — January 17, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Certiorari.   Pleading, Civil,* Petition, Demurrer.   *License.   Gasoline.
Equity Jurisdiction,* Declaratory relief.   *Equity Pleading and Practice,*
Declaratory proceeding, Demurrer, Appeal.

Statement as to the function of a petition for a writ of certiorari and as
to a challenge thereof by demurrer.   [541–542]

A certain petition for a writ of certiorari brought against a local licensing
authority after it had denied an application by the petitioner for a
license under G. L. c. 148, § 13, to operate a gasoline station was
demurrable for failure to clearly allege any error of law in the au-
thority's decision.   [542]

"Sworn evidence," whether by testimony under oath or by affidavit, is
not necessary to justify denial by a local licensing authority of an
application for a license under G. L. c. 148, § 13, to operate a gasoline
station.   [543]

A local licensing authority is not required to state reasons for its denial
of an application for a license under G. L. c. 148, § 13, to operate a
gasoline station, nor, in a certiorari proceeding attacking the denial,
does the authority have the burden of justifying it.   [543]

A suit in equity for declaratory relief under G. L. c. 231A is not a proper
proceeding to challenge the validity of a decision of a local licensing
authority denying an application for a license under c. 148, § 13, to
operate a gasoline station.   [545]

An appeal from a final decree making a declaration in a suit in equity
for declaratory relief under G. L. c. 231A opened the question whether
there was a case within the statute, even though no appeal had been
taken from an interlocutory decree overruling a demurrer to the bill,
and where the bill on its face failed to state such a case and the demurrer
should have been sustained, this court reversed the final decree and
ordered the entry of a final decree dismissing the bill.   [545–546]

PETITION for a writ of certiorari filed in the Superior Court
on June 8, 1966.

The petitioner appealed from an order for judgment dis-
missing the petition entered after a demurrer had been sus-
tained by *Chmielinski,* J.

---

[1] The companion case is by the same plaintiff against the city of Medford
and the city council.

BILL IN EQUITY for declaratory relief filed in the Superior Court on June 8, 1966.

An interlocutory decree overruling a demurrer was entered by *Chmielinski*, J. The plaintiff appealed from a final decree entered after hearing on the merits by *Kalus*, J.

*David Berman* for Johnson Products, Inc.

*Mark E. Gallagher, Jr.*, City Solicitor, for the City Council of Medford & another.

KIRK, J. The two cases which have been argued together arise from a single dispute. Johnson Products, Inc. (Johnson), an operator of retail gasoline outlets at several locations in Massachusetts and elsewhere in New England, applied on January 28, 1966, to the city council of Medford (the council) for a license to build and operate a "gasoline island," as it calls its outlets, at the Fellsway Shopping Center in Medford. G. L. c. 148, § 13. Following a hearing by the council on February 16, 1966, the application was denied by unanimous vote.

On June 8, 1966, Johnson filed a petition for a writ of certiorari against the council. On the same day it filed a bill for declaratory relief against the city and the council under G. L. c. 231A, § 1. In each case the result was adverse to Johnson.

1. We consider first the petition for a writ of certiorari. The council filed a demurrer to the petition. After hearing, the demurrer was sustained, and an order for judgment was entered that the petition be dismissed. Johnson appealed.

At the outset we make a few general observations. The special function of a petition for a writ of certiorari has been frequently stated. *Tracht* v. *County Commrs. of Worcester*, 318 Mass. 681, 686.[2] Although the peculiar office of the petition is to get a return from the respondent rather than

---

[2] Where Ronan, J. said: "The function of a writ of certiorari is not to reverse or revise findings of fact but to correct errors of law committed by a judicial or quasi judicial tribunal where such errors appear upon the face of the return and are so substantial and material that, if allowed to stand, they will result in manifest injustice to a petitioner who is without any other available remedy."

an answer, *Byfield* v. *Newton,* 247 Mass. 46, 52, the petition may be challenged by demurrer and when so challenged the petition must show on its face that the petitioner is entitled to the return. *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779. No intendment is made in favor of the pleader. *Sher* v. *Perlman,* 324 Mass. 390, 391–392. *Joyce* v. *Hickey,* 337 Mass. 118, 121–123. A decision sustaining generally a demurrer to a petition for a writ of certiorari will be upheld "if any ground assigned is sufficient to show that the petition . . . is defective." *Lucia* v. *Water & Sewer Commrs. of Medford,* 332 Mass. 468, 470.

The council's demurrer assigned four grounds (see G. L. c. 231, § 16) which stated, in summary, that the petition: (1) recites extraneous matters to which a response is impossible; (2) states generalities of fact and conclusions of law to support allegations of arbitrariness and unlawful conduct; (3) is multifarious in attempting to raise issues of constitutionality and improper exercise of discretion; and (4) makes "[n]o claim . . . as to the matter of law apparent on the record." Only these assigned grounds may be considered in ruling on the demurrer. *Washington* v. *Eames,* 6 Allen 417, 419–420. *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, 525. *Sullivan* v. *Superior Court,* 271 Mass. 435, 436.

The sustaining of the demurrer was not error. The petition fails to allege clearly error of law. Stated otherwise, whatever error of law was intended to be stated is so ineptly phrased or so obscured by other allegations as not to be discernible. See *Sears* v. *Treasurer & Recr. Gen.* 327 Mass. 310, 314. One paragraph states that Johnson has never been cited criminally or civilly in its business; another argues inter alia that the granting of the license would not increase the hazard of fire or explosion near the locus, and that "there is no reason in law or in fact for having denied it." Still another paragraph alleges that "all rational and credible evidence tended to show that the granting of the . . . [license] is consistent with the public health, safety and welfare." The foregoing allegations, it seems to us, re-

late not to error of law, but fall within grounds 1 and 2 of the demurrer.

The petition further alleges that "No *sworn evidence* was presented to the Council . . . which would have justified denial" (emphasis supplied). We are unable to discern the intended meaning of the words "sworn evidence" in the context of the petition or of the case. If the intended meaning is that testimony under oath is necessary to justify denial of a license, the answer is that we are aware of no such requirement and the petitioner points to none. If the intended meaning is that affidavits must be submitted the answer is the same. Whatever the intended meaning of the term may be, a local licensing authority under G. L. c. 148, § 13, is not so closely circumscribed as the petition seems to allege in determining whether a license should issue or be withheld. A view, exhibits, and matters of common knowledge in the community, such as hours of heavy traffic, are not "sworn evidence" and yet could properly be considered by the council in arriving at a decision. The "somewhat wide discretion" given to the licensing authority "extends beyond the mere question of fire risk and involves other considerations affecting the public interests." *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 376. *Kidder* v. *City Council of Brockton,* 329 Mass. 288, 290. The Administrative Procedure Act, G. L. c. 30A, is not applicable. Compare *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491. The implication in the petition that somehow the burden is on the council to justify the denial of the license is untenable. So, too, is the innuendo that the council was under a duty to state reasons for the denial. See *Cefalo* v. *Board of Appeal of Boston,* 332 Mass. 178, 181; *Adams* v. *Adams,* 331 Mass. 354, 358.

In summary the petition is a complaint that Johnson lost when it should have won the decision, but it cites no error of law made by the council in arriving at the decision. The demurrer was properly sustained.

2. We turn to the bill for declaratory relief. In substance, the averments of the bill were the same as those in

the petition for a writ of certiorari. The court was asked to declare that the license ought to have been granted and to enter a decree to enforce Johnson's "rights." A demurrer to the bill was filed, and, after hearing, overruled by the same judge who sustained the demurrer in the companion case. No appeal was taken from the decree overruling the demurrer. The case was tried before another judge, who entered a decree that no modification of the council's decision was required. It is obvious from a reading of the record that the trial judge, despite the order overruling the demurrer, had serious misgivings as to the efficacy and propriety of the bill for declaratory relief. We think his misgivings were well founded.

Consideration of the question requires reference to the discussion by Qua, C.J. in *Butler* v. *East Bridgewater*, 330 Mass. 33, brought under G. L. c. 231A, § 1. The principal issues in the *Butler* case were the constitutionality of an enabling act for regulating the stripping of topsoil and the validity and interpretation of the by-law adopted by the town under the statute. The controversy was clearly within the purview of G. L. c. 231A, § 1. 330 Mass. 33, 34–38. Another issue in the case was the validity of the selectmen's decision denying a permit to the plaintiffs for the removal of topsoil. The court decided the main issues. It then discussed at some length the advantages of resolving the permit issue on a return in a petition for a writ of certiorari, and pointed out the impracticability of attempting to settle the issue under G. L. c. 231A, § 1. 330 Mass. 33, 38–40. The court then said, "So much expense has been incurred in trying this case, preparing the record and arguing the appeal that *we feel under an obligation to carry this discussion as far as may be done* with a reasonable prospect of bringing the controversy to an end, *while still keeping within the very broad limits of declaratory relief as defined in G. L. (Ter. Ed.) c. 231A*" (emphasis supplied). With great circumspection the court avoided making any declaration of right on the selectmen's decision denying a permit. It stated that "we cannot on this record declare

invalid the action of the selectmen in refusing permits . . . ."
The court did declare the courses of action which the select-
men should follow, contingent upon the findings which they
might make if they chose to reconsider the applications for
the permits. The *Butler* case therefore does not stand for
the proposition that G. L. c. 231A, § 1, provides an alter-
nate or substitute remedy for a petition for a writ of cer-
tiorari. We hold that it is not an alternate or proper rem-
edy in the case before us. A binding declaration of "right"
cannot be made under G. L. c. 231A, § 1, where, under a
statute, within "a somewhat wide . . . area of discretion
the power lies in the . . . [council] and not in the court,"
and the ordering of a license to issue "would amount to a
usurpation by the court of the licensing power," *Scudder* v.
*Selectmen of Sandwich,* 309 Mass. 373, 376–377, nor where
"the decision in the first instance rests with the . . .
[council]," and the "court could not substitute itself for
the . . . [council]" nor where "the evidence before the
. . . [council] may have presented a picture very different
from that presented . . . [to the court]," *Butler* v. *East
Bridgewater,* 330 Mass. 33, 39, nor where the several consid-
erations affecting the public welfare are to be weighed by
the council and "are not for the court to pass upon." *Kidder*
v. *City Council of Brockton,* 329 Mass. 288, 290–291. The
proper remedy for one who considers himself aggrieved by
a decision in a dispute like the one before us is either to ap-
peal under a statute which specifically provides a right of
appeal from the decision or, if no right of appeal is so pro-
vided, to petition for a writ of certiorari. See *MacDonald*
v. *Board of Health of Braintree,* 347 Mass. 76, 77–78.

We conclude that the bill on its face failed to state a case
within the declaratory judgment statute, and therefore falls
within the class of cases where the demurrer should have
been sustained. *County of Dukes County* v. *New Bedford,
Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*
333 Mass. 405, 406. *Brown* v. *Neelon,* 335 Mass. 357, 360–
361. Although there was no appeal from the interlocutory

decree overruling the demurrer, the appeal from the final decree opens the question whether a declaratory decree ought to be entered. *Carlton Hotel, Inc.* v. *Abrams,* 322 Mass. 201, 203. *James Constr. Co. Inc.* v. *Commissioner of Pub. Health,* 336 Mass. 143, 146. G. L. c. 231A, § 3. For the reasons already stated, the declaratory decree must be reversed and a decree entered dismissing the bill. *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 213–214. The order for judgment dismissing the petition for a writ of certiorari is affirmed.

*So ordered.*