O’Neill, J.
The plaintiffs, Lawrence M. Morehouse and Helen Morehouse, brought this action pursuant to G.L.c. 249, §4 to appeal a decision of the Falmouth Conservation Commission (Commission) which refused to grant plaintiffs permission to construct an elevated walkway and a snow fence on their properly. On July 18, 1993, this case was tried before the court jury-waived. After considering the testimony of the witnesses, the submitted record and the respective positions of the parties, this court annuls the decision of the Commission.
BACKGROUND
In 1973, plaintiffs purchased a parcel of land, known as Lot 142, Waterside Drive, North Falmouth, Massachusetts. The parcel, which contains approximately 22,300 square feet of land, is bounded by Buzzards Bay on the northerly side. In 1987, plaintiffs decided to build a home on their property and filed a Notice of Intent with the Commission, as required under the Wetlands Protection Act, G.L.c. 131, §40, and the Town of Falmouth bylaws. On April 3, 1987, the Commission approved the project with the condition that the plaintiffs could not maintain a “turf lawn” or a “permanent path to the beach.”[3]
On November 1, 1990, plaintiffs filed a Notice of Intent with the Commission for approval to construct an elevated walkway over a sand dune which separated their house from the beach. Plaintiffs also requested permission to construct a seasonal snow fence on the easterly side of the site and to lay boulders across the coastal beach and perpendicular to the coastal dune.
Before the scheduled public hearing on their Notice of Intent, plaintiffs’ counsel requested Charles Lo-Guidice, a member of the Commission, to recuse himself from the relevant proceedings on the grounds of conflict of interest. Mr. LoGuidice and his wife had been members of the Seascape Association, a neighborhood organization that had opposed the construction of plaintiffs’ house.[4] Mr. LoGuidice refused to recuse himself.[5]
In late November 1990, after holding a hearing on plaintiffs’ Notice of Intent, the Commission denied plaintiffs’ request on the grounds that, under the Falmouth Wetland bylaws and the State regulations, the elevated walkway across the coastal dune was “neither necessary nor reasonable”; and the seasonal snow fence and line of boulders “would affect the beach by altering the normal wind distribution of the sand and the shape of the beach” in violation of 310 CMR 10.27(3).
On December 11, 1990, in response to the Commission’s decision, plaintiffs filed a request for a Superseding Order of Conditions with the Department of Environmental Protection (DEP) pursuant to G.L.c. 131, §40. On June 10, 1991, after conducting an on-site meeting, the DEP issued a Superseding Order of Conditions which permitted the construction of the elevated walkway and the snow fence.[6]
On June 26, 1991, following receipt of the DEP’s Superseding Order of Conditions, the Commission voted to hold an executive session to discuss the ramifications of this order.[7] After this session in which LoGuidice participated, the Commission informed plaintiffs that it would not amend its prior decision to conform with the DEP Superseding Order of Conditions. On July 1, 1991, plaintiffs filed this action pursuant to G.L.c. 249, §4.
DISCUSSION
A. Standard of Review
G.L.c. 249, §4 permits an aggrieved party to bring an action in Superior Court to correct errors in proceedings which are not otherwise reviewable by motion or by appeal. Cepulonis v. Commissioner of Correction, 15 Mass.App.Ct. 292, 293 (1983). In a certiorari review the court may correct errors of law committed by a judicial or quasi-judicial tribunal that are so substantial and material that, if allowed to stand, would result in manifest injustice to the petitioner who is without any other available remedy. Johnson Products, Inc. v. City Council of Medford, 353 Mass. 540, 541, cert. denied, 392 U.S. 296 (1968). Pursuant to G.L.c. 249, §4, the court may affirm or quash such proceeding or make “such other judgment as justice may require.”
The appropriate standard of judicial review in cer-tiorari cases is determined according to the nature of the action sought to be reviewed, in this case the *29 decision of the Falmouth Conservation Committee. Boston Edison Co. v. Bd. of Selectmen of Concord, 355 Mass. 79, 83 (1968). When considering a decision of a conservation committee, this court must determine whether the Commission’s decision was based on substantial evidence and on “reasoning relevant to the evidence presented before them [sic].” Lovequist v. Conservation Commission of Dennis, 379 Mass. 7, 17 (1979). Under the substantial evidence test, to be acceptable, the Commission’s decision must rest upon “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Boston Edison Co. v. Boston Redevelopment Authority, 374 Mass. 37, 54 (1977), citing Bunte v. Mayor of Boston, 361 Mass. 71, 74 (1972).
B. The Commission’s Decision
As grounds for this appeal, plaintiffs claim that (1) the Commission lacked the authority to consider plaintiffs’ construction requests; and (2) in the event that the Commission had jurisdiction, the decision to deny construction was arbitrary and not based upon substantial evidence.
1. Jurisdiction of the Commission
In this Commonwealth, wetland areas are protected by G.L.c. 131, §40 and the bylaws of the town where the property is located. Under G.L.c. 131, §40, the Wetland Protection Act, no individual may alter any costal wetland, beach, dune, marsh or swamp bordering on the ocean, or any land subject to tidal action, without filing a written notice of intention with the applicable conservation commission. Following receipt of such notice, the Commission must hold a public hearing on the proposed activity and determine whether §40 applies to the proposed work. The Commission may, if it determines that the land is significant to flood control, storm damage prevention, pollution control or fishing, impose conditions that will contribute to the protection of the interests. G.L.c. 131, §40.
In addition to G.L.c. 131, §40, the Town of Falmouth has enacted bylaws to protect the foreshores and wetlands within its jurisdiction. See Hamilton v. Conservation Commission of Orleans, 12 Mass.App.Ct. 359, 369 (1981) (recognizing that local communities are free to adopt more stringent wetlands controls). Under Section 1.4 of the Falmouth Wetland Protection Bylaw, the Commission may deny a request to remove, dredge, fill or alter the subject lands within the town, if, in its judgment, such denial is necessary to preserve environmental quality within the affected area. Under Section 1.5, the Commission may, as an alternative to a denial, impose conditions which it deems necessary to contribute to the protection and preservation of the subject lands.
Here, plaintiffs claim that the Commission lacks jurisdiction to control the construction of a raised walkway and snow wall. The proposed areas of the construction projects are in the vicinity of a coastal dune and beach. Such areas fall within the scope of the bylaws of Falmouth and G.L.c. 131, §40. As such, since the construction will alter the protected areas, the Commission had the authority to review plaintiffs’ proposed projects.
2. Evidence Before the Commission
Plaintiffs claim that the Commission’s decision was not based on substantial evidence. Under both the Wetlands Protection Act and the applicable bylaw, in order to deny or impose conditions on a notice of intent, there must be evidence that the proposed construction would have a “significant effect upon wetland values” or that it would affect “environmental quality within the area.” See G.L.c. 131, §40; Town of Falmouth Wetland Protection Bylaw, §§1.1, 1.4. In denying plaintiffs’ requests, the Commission found that 1) the walkway was neither “necessary nor reasonable”; and 2) that the snow fence would affect the beach by altering the wind patterns.
The record is devoid of evidence to support the Commission’s findings. The regulations accompanying the Wetland Protection Act allow for the construction of elevated walkways designed to minimize disturbance to the vegetative cover. See 310 CMR 10.28(3)(a-f). The evidence shows that the proposed walkway, which will be constructed over the sand dune so that plaintiffs can proceed to the beach without traversing over the dune, will in no way have any detrimental effect on the sand dune and is an appropriate structure to minimize damage to the dune and vegetative cover. Since plaintiffs are the only landowners abutting the beach which do not have direct access to the beach from their property, the proposed walkway was reasonable and necessary.
With regard to the construction of the snow wall, the evidence before the Commission shows that this construction would not affect the beach by altering wind patterns or have any other detrimental impact on environmental quality. In accordance with 110 CMR 10.28(5)(b), which sets forth ways to increase dune development, a snow fence may be placed within a coastal dune, to approximately the seven-foot contour. There is no evidence that the snow fence will not comply with this provision. As such, the Commission decision to deny permission to construct the snow fence was not justified on the record.
As to the appropriate relief, where the court has ruled that the commission acted on unlawful grounds, the usual remedy is to remand the matter for further proceedings. See Newbury Junior College v. Brookline, 19 Mass. App. Ct. 197, 208 (1985). However, where, as here, there is evidence of unfairness and obstruction of a lawful use, under the provisions of G.L.c. 249, §4, the court is empowered to annul the decision and order appropriate relief. Accordingly, the court annuls the Commission’s decision and directs the Commission to (1) approve the DEP’s Superseding Order of *30 Conditions; and (2) issue an order permitting the construction of the elevated walkway and snow wall. MacGibbon v. Bd. of Appeals of Duxbury, 369 Mass. 512, 520 (1976); Newbury, supra at 208.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Falmouth Conservation Commission which denied plaintiff permission to construct an elevated walkway and a snow fence is ANNULLED. The Commission shall adopt and issue an Order of Conditions identical to the Department of Environmental Protection’s Superseding Order of Conditions, dated June 10, 1991.

 At a later date, the Commission granted a modification of this order which allowed a modest lawn on the street side of plaintiffs’ lot.

 Before plaintiffs constructed their home, the Seascape Association used the beach in front of this property. After their home was complete, plaintiffs requested the Association to discontinue this use. Plaintiffs claim that, on a number of occasions, they had verbal confrontations with Mr. LoGuidice and his wife concerning beach rights, as well as other issues.

 LoGuidice did not vote on plaintiffs’ application but later signed the Commission’s decision.

 The, DEP, however, denied plaintiffs’ request to place boulders on the coastal beach. Plaintiffs take no objection to this finding and the court does not address the appropriateness of the DEP’s and the Commission’s finding as to the proposed placement of the boulders.

 After receiving a request by plaintiffs’ attorney, the District Attorney declared that this executive session was in violation of the Open Meeting Law. Since the Commission agreed to release the minutes of the Executive Session, the District Attorney’s Office did not take further action on this violation.