Haggerty, J.
The plaintiff, Paul A. Gargano (“Gargano”) has filed this action as a petition pursuant to G.L.c. 249, §4, requesting that this Court review a decision of the defendant, the Barnstable Conservation Commission (“the Commission”). Gargano seeks judgment on the pleadings pursuant to Standing Order 1-96. For the reasons which follow, the plaintiffs Motion for Judgment on The Pleadings is DENIED. The Petition is DENIED and the complaint is DISMISSED.

BACKGROUND

Portions of the 8.93-acre oceanfront property owned by Paul Cargano (“Gargano”) are subject to the jurisdiction of the Barnstable Conservation Commission under both the State Wetlands Protection Act, G.L.c. 131, §40, and the town of Barnstable’s Wetlands Protection Ordinance, Article III, Chapter 127. Specifically, the property contains a number of resource areas subject to regulation, including marsh, beach, coastal dunes and coastal banks.
On December 4, 1998, the Commission issued an Enforcement Order against Paul and Sheila Gargano for the alteration of a wetlands resources area in violation of the Wetland Protection Act, G.L.c. 131, §40. Specifically, Gargano had cleared the understory on the coastal bank and into the edge of the marsh, and a lighting and a sprinkler system were installed without the Commission’s approval. In the Enforcement Order, Gargano was directed to submit a landscape plan for Commission approval showing replanting of the coastal bank, as well as a request for approval of an expanded lawn into the buffer zone which was previously expanded without Commission approval. The Enforcement Order directed Gargano to request relief from the Enforcement Order by January 15, 1999 by way of Notice of Intent. Gargano was also directed to include his proposal for the lighting and the sprinkler system. Gargano did not appeal the Enforcement Order and the Commission began to work with Gargano’s representatives to remediate the site. Ón September 20, 2000, the Commission received a letter from Gargano which stated that he had retained Peter Hansen[1] to represent him in the conservation matters involving the property. Hansen was to replace previous landscapers and environmental scientists, and Gargano requested additional time to permit Hansen to prepare a Notice of Intent. On or about October 20, 2000, Hansen, on behalf of Gargano filed a Notice of Intent seeking to replant specified areas around the top of the coastal bank. Hansen certified that he would provide the abutter notification, he submitted a plan showing the proposed replanting, and he wrote the check to cover the fees for the application.
On November 14, 2000, a duly noticed public hearing was held before the Commission. At the hearing, Hansen presented the Notice of Intent. At the hearing, there was no dispute that Gargano had performed unauthorized work on the coastal bank and buffer zone. On behalf of Gargano, Hansen requested that Gargano be allowed to maintain the newly created lawn, spigots and lights. The Commission took the matter under advisement and at its meeting on November 28,2000, it deliberated on the Notice of Intent. The Commission approved the revegetation of the disturbed areas but disallowed Gargano’s request to allow the lights, spigots and lawn maintenance within the fifty-foot buffer and called for revised plans to show the removal of those incursions. The Commission issued an Order of Conditions on January 12, 2001 reflecting these decisions and mailed it to Hansen as Gargano’s designated agent and representative.
In a letter dated February 14, 2001, the Conservation Commission reminded Gargano that he was required to have the Order of Conditions (of January 12, 2001) recorded at the Registry of Deeds or the Land Court within one month of receipt of the Order. Gargano responded in a February 20, 2001 letter in which he claimed that he did not learn of the Order of Conditions of January 12, 2001 until February 14, 2001. He re *732 quested a reconsideration of the matter.[2] The Commission advised Gargano in a letter of February 22, 2001 that in order to be heard he was required to submit to the Commission the revised plan and a listing of changes to the January 12, 2001 Order of Conditions. Gargano submitted a revised plan. No new Notice of Intent was filed and abutters were not notified.
On May 1, 2001, the Commission heard Gargano’s request for reconsideration and on May 16, 2001 the Commission denied the request. At this time, it also issued an Enforcement Order limited to an extension of the deadlines for performing the replanting because Gargano had not complied with the time frame in the Order of Conditions. On May 24, 2001, Gargano filed a complaint against the Commission pursuant to G.L.c. 30A, §14. (Middlesex Civil Action No. 01-2228). This Court (Cratsley, J.) dismissed that complaint in a Memorandum of Decision and Order on Plaintiffs Motion for a Preliminary Injunction dated June 15, 2001 and Gargano has appealed the dismissal. In this case, Gargano seeks review of the actions of the Commission pursuant to G.L.c. 249, §4 and this action was filed on July 11, 2001.

DISCUSSION

A party may appeal a decision of a quasi-judicial body by filing a complaint in the nature of certiorari with the Superior Court. See G.L.c. 249, §4. Johnson Products Inc. v. City Council of Medford, 353 Mass. 540, 545 (1968). The function of the writ of certiorari is not to reverse or to revise findings of fact, but to correct errors of law committed by quasi-judicial bodies. Id. at 541-42. Such action is appropriate when those errors: (1) appear on the face of the administrative record; (2) cause genuine harm to a party; and (3) leave the injured party with no other remedy. Id. A complaint filed through certiorari will succeed if there is a substantial error of law, which either adversely affects a material right of the plaintiff, or where there is an error of law which has resulted in manifest injustice. Id.
Gargano alleges numerous failures of the Commission regarding this case. He claims a lack of findings of fact or conclusions of law by the Commission. He claims that the 1998 order precludes the Commission from alleging that he violated local conservation laws and that the findings of the Department of Environmental Protection preclude the Commission from pursuing the plaintiff for a violation of state conservation laws. He also alleges procedural errors by the Commission.
^However, the Commission has correctly asserted that this Court lacks the jurisdiction to grant the plaintiff relief. The Commission argues that Gargano’s failure to file a timely appeal of either the original Enforcement Order (December 4, 1998) or the Order of Conditions (January 12, 2001) precludes Gargano’s right to challenge the actions of the Commission.
A decision by the Conservation Commission can be reversed by an action pursuant to G.L.c. 249, §4 if the local wetlands protection by-law is more stringent than G.L.c. 131, §40 and the conservation commission operates under the Department of Environmental Protection (“DEP”). Conservation Commission of Falmouth v. Pacheco, 49 Mass.App.Ct. 737, 741 (2000). Even if G.L.c. 249, §4 is the appropriate avenue to raise an objection to the actions of the Commission, Gargano failed to adhere to the time limit prescribed by the statute for review of the Commission’s actions. The law requires that the plaintiff bring a complaint in the nature of certiorari “within sixty days next after the proceeding complained of." G.L.c. 249, §4.
The plaintiff did not request any judicial review of either the Commission’s December 4,1998 Enforcement Order or the January 12, 2001 Order of Conditions. Since the December 4, 1998 Enforcement Order was the original order from which the current action flows, the plaintiffs failure to file a timely appeal precludes review by this court. See Conservation Commission of Falmouth v. Pacheco, 49 Mass.App.Ct. at 741.
Even a more indulgent view of the triggering date as January 12, 2001 renders this Court without jurisdiction to review the matter. The plaintiff alleges that he was not required to appeal the January 12, 2001 Order of Conditions because it was not properly served. However it is undisputed that he received a copy of the Order of Conditions on February 19, 2001, at which point he was still within the sixty-day time frame for filing an appeal under the statute. He simply did not file an appeal within the time prescribed. Even if the time runs from Gargano’s stated notice of February 19, 2001 he nonetheless was well beyond the 60-day period when he filed this case on July 11, 2001. What occurred beyond the date of Gargano’s actual notice of February 19, 2001, was Gargano’s request for reconsideration. “It is highly unlikely that the Legislature intended that a parly seeking extraordinary review by way of certiorari ‘should be able to restart the [statutory] period at will by simply petitioning for reconsideration or further hearing.’ ’’ Malone v. Civil Service Commission, 38 Mass.App.Ct. 147, 151 (1995), quoting Curley v. Lynn, 408 Mass. 39, 41 (1990). In sum, this Court is unable to reach the merits of Gargano’s claim because of his failure to comply with the sixty-day filing requirement of G.L.c. 249, §4 and therefore, his motion must fail.

ORDER

For the foregoing reasons, the plaintiffs motion for judgment on the pleadings is DENIED. The Petition of Paul A. Gargano for Review in the Nature of Certiorari Pursuant to G.L.c. 249, §4 is DENIED and the case is DISMISSED.

 There had been two (2) prior representatives who had worked on behalf of Gargano with the Commission. These representatives and Gargano parted ways.

 I note that the plaintiff claims in his Motion for Judgment on the Pleadings at page 3 that he requested that the “Order of Conditions be vacated and that (he) be given a hearing do novo.” His February 20, 2001 letter belies such an assertion. He clearly asked for a reconsideration of the matter.