Civil Service Commission v. Boston Municipal Court Department.

CIVIL SERVICE COMMISSION & another[1] vs. BOSTON
MUNICIPAL COURT DEPARTMENT & another.[2]

No. 88-P-242.

Suffolk. February 16, 1989. — May 22, 1989.

Present: DREBEN, SMITH, & WARNER, JJ.

*Civil Service,* Decision of Civil Service Commission, Termination of em-
ployment, Judicial review. *Practice, Civil,* Review respecting civil serv-
ice. *Administrative Law,* Hearing. *Evidence,* Administrative proceeding.

In a proceeding in the Boston Municipal Court Department to review a
decision of the Civil Service Commission upholding the discharge of a
State employee, the judge erred as matter of law in concluding that the
employee had been denied a "fair and impartial" hearing solely by reason
of the commission's procedure in which the same administrative magis-
trate who had presided at the initial hearing of the case, and had made
findings and recommendations against the employee, also presided at a
subsequent hearing, ordered by the commission at the request of the
employee for the presentation of additional evidence. [347-349]

In a proceeding in the Boston Municipal Court Department to review a
decision of the Civil Service Commission upholding the discharge of a
State employee, the judge erred as matter of law in ruling that a second
hearing before the commission was procedurally flawed by an adminis-
trative magistrate's incorporation of the record of an earlier hearing,
including transcripts and exhibits, into the record of the second hearing,
inasmuch as the judicial rules of evidence were not applicable to the
hearing, and where the two main witnesses for the employer at the first
hearing also testified at the second hearing and were subjected to cross-
examination by the employee's attorney. [349-350]

In an action by the Civil Service Commission in the nature of certiorari
seeking review of a Municipal Court judge's order which had set aside
a decision of the commission on procedural grounds, a Superior Court
judge, having before her the record of both proceedings before the
commission, including transcripts and exhibits, properly considered the
merits of the case and upheld the commission's decision, as justified
and supported by substantial evidence. [350]

[1] Worcester State Hospital.

[2] Daphne Phillips.

CIVIL ACTION commenced in the Superior Court Department on April 9, 1986.

The case was heard by *Catherine A. White*, J.

*Andrew M. Fischer* for Daphne Phillips.

*Alice E. Moore*, Assistant Attorney General, for Civil Service Commission & another.

SMITH, J. On August 11, 1983, Daphne Phillips was discharged by the Worcester State Hospital from her position as a mental health assistant after a hearing at which she was found guilty of two charges of patient abuse. She filed a timely request for a hearing on the matter before the Civil Service Commission (commission). G. L. c. 31, § 43, as appearing in St. 1981, c. 767, § 20. Administrative Magistrate Joan Fink was designated as the hearing officer.

At the hearing, Phillips was represented by counsel. After hearing testimony from various witnesses, Magistrate Fink found that Phillips had committed two acts of physical abuse against patients and concluded that the hospital was justified in discharging her. On November 3, 1983, the commission voted to adopt the findings of Magistrate Fink contained in her report and to affirm the action of the hospital.

On or about January 11, 1984, after the thirty-day statutory appeal period under G. L. c. 31, § 44, had elapsed, Phillips, through new counsel, filed with the commission two separate motions for rehearing. In the first motion, Phillips contended that there were several procedural defects in the hearing held by the hospital.[3] In the second motion, Phillips requested that the commission grant her a rehearing because of the discovery of "new evidence" and listed six witnesses whom she regarded as "essential" but who had not been called by predecessor counsel at the first hearing. In the last sentence of that motion, Phillips requested that the commission assign a new hearing officer to preside at the rehearing. The commission did not act on that request, but, on April 12, 1984, voted "to re-open the case and set [it] down for a new hearing."

---

[3] This claim was never pursued by Phillips before the commission. See G. L. c. 31, § 42.

Magistrate Fink was again designated to be the hearing officer at the new hearing. On the hearing date, Phillips' counsel demanded that the matter be heard by a different hearing officer. Magistrate Fink immediately consulted with a quorum of the commission and was informed that the commission had not acted upon a motion for a new hearing officer and that no motion for her recusal was being considered by them. She proceeded to act as the hearing officer at the new hearing.

At the hearing, the hospital rested on the case it had submitted at the previous hearing. The magistrate, therefore, incorporated by reference the record of the previous hearing into the record. She then heard four days of additional testimony from witnesses presented by Phillips and also one rebuttal witness presented by the hospital. Following the close of the case and after listening to oral arguments of counsel, Magistrate Fink again found that Phillips was guilty of patient abuse and that the hospital was justified in discharging her. She once more recommended that the commission affirm the hospital's action. On June 28, 1984, "[a]fter careful review and due consideration of all the facts," the commission voted unanimously to adopt the hearing officer's findings of fact and affirm the action of the hospital.

Phillips filed a petition in the Boston Municipal Court Department to review the commission's decision. See G. L. c. 31, § 44. She claimed that the commission's decision was not based on substantial evidence. Phillips also contended that it was error for Magistrate Fink to serve as the hearing officer at the second hearing because she had performed that function at the first hearing. She also asserted that the hearing officer committed error in allowing the record of the first hearing to be incorporated into the record of the second hearing.

On November 5, 1985, a Municipal Court judge conducted a hearing on Phillips' appeal. On January 2, 1986, he filed a document which contained his rulings. He did not address Phillips' claim that the commission's decision was not based on substantial evidence. Rather, he limited the scope of the review to the two procedural matters raised by Phillips. The judge ruled that Phillips had been denied a "fair and impartial"

hearing because the same hearing officer who presided at the first hearing was designated by the commission to serve as the hearing officer at the second hearing. He based his ruling on a finding that the commission's allowance of Phillips' motion for a rehearing "was in fact and law the same as a motion for a new trial and is the same as a trial de novo."[4] The judge also ruled that it was error for Magistrate Fink to incorporate by reference the entire record of the previous hearing into the record of the second hearing. The judge ordered the matter remanded to the commission "for a hearing de novo before a [h]earing [o]fficer other than the person who presided at the other two hearings."

The commission sought review of the Municipal Court judge's decision by filing an action in the Superior Court in the nature of certiorari. G. L. c. 249, § 4. The entire record of the previous proceedings, including the transcripts of the two hearings and the exhibits, was filed with the action.

A Superior Court judge held a hearing on the matter and filed a thoughtful and thorough memorandum of decision. The judge vacated the Municipal Court judge's order of remand, ruling that it was based on errors of law. The judge also considered the merits of Phillips' appeal and ruled that the commission's decision was based on substantial evidence. Judgment entered in accordance with the judge's rulings. Phillips now claims, on appeal, that the Superior Court judge erred in (1) concluding that the Municipal Court judge's order of remand was based on errors of law and (2) deciding the merits of her appeal.[5]

---

[4] The Municipal Court judge was mistaken in finding that the allowance of Phillips' motion was the equivalent of granting a "new trial." In her motion, Phillips had requested that the commission grant a rehearing in order for her to introduce "new" evidence. That motion was allowed and, therefore, the only purpose of the second hearing was to permit the hearing officer to consider any "new" evidence introduced by Phillips. It was not in any sense to be a "hearing de novo."

The confusion in this regard may stem from the language used by the commission when it voted "to *re-open* the case and set [it] down for a *new hearing*" (emphasis added). It should have been more precise and stated that the case was to be reopened only to consider any new evidence offered by Phillips.

[5] For the first time, Phillips raised the question at oral argument of this appeal that the Municipal Court judge's decision remanding the matter to

1. *Vacating of the order of remand.* It has been held that the commission may "obtain review of [a] decision of [a] Municipal Court judge by means of a civil action in the nature of certiorari as provided by G. L. c. 249, § 4." *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 90 (1975). The duty of a judge in regard to such an action is to examine the record below and to "correct substantial errors of law that affect material rights and are apparent on the record." *Debnam* v. *Belmont,* 388 Mass. 632, 635 (1983).

a. *The impartiality of the hearing officer.* The Municipal Court judge ruled that the presence of Magistrate Fink as the hearing officer at the second hearing, by itself, denied Phillips a fair and impartial hearing. The Superior Court judge subsequently held that the Municipal Court judge's ruling was error as matter of law.

A person aggrieved by a decision of an appointing authority is entitled to "a hearing before a member of the commission or some disinterested person designated by the chairman of the commission." G. L. c. 31, § 43. A hearing officer is governed "by the same high standards as have been set for judges. . . . These high standards in turn are reflective of the constitutional rights of litigants to a fair hearing, as established in art. 29 of the Declaration of Rights of the Constitution of this Commonwealth, viz.: '. . . It is the right of every citizen to be tried by judges as free, impartial and independent as the

the commission was interlocutory and cannot be the subject of an appeal by an action in the nature of certiorari or otherwise.

"Normally, an order of remand to an administrative agency is interlocutory and not appealable." *Medi-Cab of Massachusetts Bay, Inc.* v. *Rate Setting Commn.,* 401 Mass. 357, 358 n.2 (1987). The issue is not strictly jurisdictional, see *Heil* v. *McCann,* 360 Mass. 507, 510-511 (1971), and should have been raised by counsel in the Superior Court.

Assuming without deciding that this appeal is premature (but see *Cliff House Nursing Home, Inc.* v. *Rate Setting Commn.,* 378 Mass. 189, 191 [1979]), we, nevertheless, will proceed to decide the issues that have been presented by the parties "because of the age of this matter and because the parties already have briefed and argued the case on the merits" both in the Superior Court and in this court. See *Medi-Cab of Massachusetts Bay, Inc.* v. *Rate Setting Commn., supra.*

lot of humanity will admit . . ..' Article 29 extends beyond judges 'to all persons authorized to decide the rights of litigants.' " *Police Commr. of Boston* v. *Municipal Court of the W. Roxbury Dist.* 368 Mass. 501, 507 (1975), quoting from *Beauregard* v. *Dailey*, 294 Mass. 315, 324 (1936). Here, the only allegation of bias or prejudice on the part of the hearing officer was that she had presided at the first hearing and had made findings and recommendations against Phillips at that time.

Generally, where the persons "who are to adjudicate the facts at issue have already made up their minds through prejudgment of those facts, the party or parties involved whose rights and interests are to be determined have been denied their state constitutional right to a fair hearing before an impartial tribunal." Cella, Administrative Law and Practice § 314 (1986). However, an important exception to the rule arises where the prejudgment has arisen through prior participation of the judge or hearing officer in the matter. See *Kennedy* v. *District Court of Dukes County*, 356 Mass. 367, 379 (1969); *Howe* v. *Prokop*, 21 Mass. App. Ct. 919, 919-920 (1985). Mere prior involvement or mere knowledge of facts acquired by earlier involvement in a particular case or matter does not, by itself, constitute invalidating bias which would prevent later participation as an adjudicative fact finder in the same case. *Kennedy* v. *District Court of Dukes County, supra. Howe* v. *Prokop, supra.* Also see *Perez* v. *Boston Housing Authy.*, 379 Mass. 703, 740 (1980), where the court held that a negative impression of a party formed by a judge as an adjudicator was "not a ground for the assertion of a disqualifying bias." Accordingly, for Phillips' allegation of bias and prejudice to be disqualifying, it "must arise from an extrajudicial source and not from something learned from participation in the case." *Kennedy* v. *District Court of Dukes County, supra.* There is no allegation of an extrajudicial source of bias in this case.

Moreover, the facts in this case do not support any premise that somehow Magistrate Fink was biased against Phillips at the second hearing because she was the hearing officer in the prior hearing. The commission's decision to reopen the matter

was not related in any way to any error or misconduct by the hearing officer at the first hearing. Rather, the decision was in response to a request by Phillips to allow her to introduce new evidence in the form of testimony of "essential" witnesses not called in the first hearing (see note 4, *supra*). In these circumstances, we see no error in the commission assigning Magistrate Fink to preside at the second hearing. "Where the original judge has gained familiarity with a detailed factual record, which is vital to the determination to be made on remand, and the reversal is not based on erroneous findings or the admission of prejudicial evidence that would be difficult to erase from the mind, the case may properly be remanded to the original trial judge, since assignment to a different judge would only entail wasteful delay or duplicated effort." *United States* v. *Robin*, 553 F.2d 8, 11 (2d Cir. 1977). Therefore, we agree with the Superior Court judge that the Municipal Court judge's conclusion that Magistrate Fink's presence at the second hearing, by itself, denied Phillips a fair and impartial hearing was incorrect as matter of law.

b. *The incorporation of the record of the first hearing.* The Municipal Court judge ruled that because there was no evidence of the unavailability of the hospital's witness and no proper foundation laid, it was error for Magistrate Fink to incorporate the record, including transcripts and exhibits, of the prior hearing into the second hearing. The Superior Court judge held that the Municipal Court judge's ruling was error as matter of law.

The second hearing was not intended by the commission to be an entirely new hearing (see note 4, *supra*). Therefore, it was unnecessary for Magistrate Fink to incorporate the record of the first hearing into the record of the second hearing.

In any event, such incorporation was not error for two reasons. First, the rules of evidence are not applicable to adjudicatory hearings before administrative agencies. G. L. c. 30A, § 11(2). *Embers of Salisbury, Inc.* v. *Alcoholic Beverages Control Commn.*, 401 Mass. 526, 529 & n.5 (1988). Second, the two main witnesses for the hospital at the first hearing also testified at the second hearing (one was called by

Phillips, the other by the hospital as a rebuttal witness) and were subjected to vigorous examination by Phillips' attorney. Therefore, it was error as a matter of law for the Municipal Court judge to rule that the second hearing was procedurally flawed by the acceptance of the record of the first hearing.

2. *The merits of Phillips' appeal.* The Superior Court properly exercised its powers of judicial review to affirm the commission's decision. See *Morse* v. *Selectmen of Ashland,* 7 Mass. App. Ct. 739, 742 n.5 (1979). The judge had the record of the two proceedings before the commission, including the transcripts and exhibits. Pursuant to G. L. c. 31, § 44, the issue for the reviewing court was whether the commission's decision was justified and supported by substantial evidence.[6] *Police Commr. of Boston* v. *Municipal Court of the W. Roxbury Dist.,* 368 Mass. at 506. Based on this record, the commission's decision was properly affirmed by the Superior Court.

*Judgment affirmed.*

---

[6] Phillips argues that it was error for the Superior Court judge to "overrule[ ] the findings of fact of the Municipal Court" judge. The simple answer to that claim is that the Municipal Court judge did not make any findings of fact. We add that from her memorandum of decision the Superior Court judge was well aware of the limitations on the scope of judicial review in this matter and stayed well within those bounds.