JULIE BERMANT & others[1] *vs.* BOARD OF SELECTMEN OF
BELCHERTOWN & others.[2]

Hampshire. March 3, 1997. - July 11, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & MARSHALL, JJ.

*License. Municipal Corporations,* Licensing board. *Practice, Civil,* Relief in
the nature of certiorari, Declaratory proceeding. *Declaratory Relief.*

A civil action in the nature of certiorari is the sole avenue of relief available
to a party aggrieved by a discretionary decision of a local licensing author-
ity for which there is no statutory right of appeal. [402-404]

CIVIL ACTION commenced in the Superior Court Department on
July 26, 1990.

A motion to dismiss was heard by *John F. Moriarty*, J., and
the case was heard by *John F. Murphy, Jr.*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Michael Pill* for the plaintiffs.

*Joseph J. Wadland* (*Stephanie Lempp* with him) for Walter
Henry, Jr.

MARSHALL, J. We are asked to consider whether a claim for
declaratory relief, G. L. c. 231A, § 1, is available as an alterna-
tive to a civil action in the nature of certiorari, G. L. c. 249,
§ 4, to a party aggrieved by a discretionary decision of a local
licensing authority. The defendant Walter Henry, Jr. (Henry),
was issued a license b y the defendant board of selectmen of
Belchertown (board) for the underground storage of petroleum
products on a parcel of land located on Sargent Street (property)
in Belchertown (town). The plaintiffs, abutters of the property, filed

---

[1]Madeline Casey, Georgette deFriesse, David Farkus, Janet Maurer, Robert
Maurer, Anita Mellen, Allan Milkiewicz, Cynthia Milkiewicz, and Brian
Smith.

[2]Inhabitants of the town of Belchertown, the town clerk of Belchertown,
and Walter Henry, Jr. Henry is the only defendant to file a brief or argue at
oral argument.

a complaint in three counts challenging the issuance of the license: a civil action in the nature of certiorari for a judgment quashing the proceedings of the board and reversing the issuance of the license (count I); a declaratory judgment that the town clerk's issuance of a certificate of registration of a license was invalid and that the board's decision to amend the license was therefore also invalid and of no force and effect (count II); and a declaratory judgment that the board's action in issuing or amending the license was in violation of the mandatory one-year waiting period required by G. L. c. 148, § 13 (count III).

On May 17, 1994, a judge in the Superior Court, relying on *Johnson Prods., Inc.* v. *City Council of Medford*, 353 Mass. 540, appeal dismissed, 392 U.S. 296 (1968), ruled that certiorari was the plaintiffs' exclusive remedy and entered an interlocutory judgment dismissing the plaintiffs' claims for declaratory relief. The judge also ruled that there was sufficient information on the return[3] to allow the plaintiffs to raise their declaratory judgment issue as part of their action in the nature of certiorari. Subsequently, on September 6, 1994, a different judge dismissed count I, determining that there was no substantial error of law resulting in manifest injustice to the plaintiffs, and that the decision of the board was neither arbitrary nor capricious. The plaintiffs appealed and the Appeals Court affirmed the judgment of the Superior Court in a decision pursuant to its rule 1:28. 40 Mass. App. Ct. 1116 (1996). We granted the plaintiffs' application for further appellate review. We affirm the judgment of the Superior Court.

1. We summarize the facts from the record. In 1943 the board issued a license to Lloyd and Catherine Chadbourne to store petroleum products (fuel oil, kerosene, and gasoline) for their fuel oil business in underground tanks on a large tract of land in the town. In the early 1960's, Catherine Chadbourne conveyed the property (which included the underground tanks and other structures associated with the fuel oil business) to Joseph R. Chadbourne. Sometime prior to May, 1989, Henry obtained title to the property from Joseph R. Chadbourne. Although the property had ceased being used for a fuel oil business and the

---

[3]Earlier on November 1, 1993, another Superior Court judge had ordered the board and the town to file the return, i.e., the record of the proceedings before the board.

underground tanks had been removed, the 1943 license had never been revoked, and was delivered to Henry with the deed to the property.

On May 23, 1989, Henry filed an application for a license pursuant to G. L. c. 148, § 13, to store fuel oil and gasoline for a fuel or gasoline station to be located on the property. Although the original license issued to the Chadbournes was still valid, it initially could not be located.[4] The board issued a new license to Henry to store gasoline and diesel fuel in underground storage tanks on the property. In July, 1989, the plaintiffs appealed from the board's decision to the State fire marshal pursuant to G. L. c. 148, § 13.

The State fire marshal found that the application lacked essential information and documentation, including the precise location of the planned storage tanks and other facilities, and concluded that it was error for the board to grant the license to Henry without first receiving this and other information from him. On November 15, 1989, he revoked the license, without prejudice.

Subsequently, the missing 1943 license was located. In April, 1990, Henry submitted another application to the board for a license to use the property as the site for a convenience store and gasoline station, with underground storage tanks for gasoline, diesel fuel, and fuel oil. On the advice of the board, Henry changed his application to request an amendment to the 1943 license.[5]

In May, 1990, the board held a public hearing on Henry's application to amend the 1943 license, and on June 4, 1990, voted to grant the amended license. The plaintiffs filed this action in July, 1990.

2. The plaintiffs argue that the judge erred in applying *Johnson Prods., Inc.* v. *City Council of Medford*, 353 Mass. 540 (1968), and holding that a civil action in the nature of certiorari was the only remedy available to the plaintiffs for review of the board's

----

[4]During the hearings on Henry's application, the town's fire chief confirmed that some time after obtaining the title to the property, Henry had entrusted the license to the former fire chief who, in turn, gave the license to the town clerk "to hold for Henry."

[5]The board sought the advice of the State fire marshal who advised it that, because the 1943 license was still valid, Henry's proposed use of the property required that he apply for an amendment to the 1943 license, rather than a new license.

decision to issue an amended license to Henry. We disagree. In the alternative, they request that we overrule *Johnson Products.* We decline to do so.

We held in the *Johnson Products* case[6] that a declaratory judgment under G. L. c. 231A, § 1,[7] was not an alternate or substitute remedy to a writ of certiorari to review the decision of the local licensing authority. We reasoned that, where a statute expressly grants an administrative body a wide scope of discretion, a binding declaration of "right" under G. L. c. 231A, § 1, ordering the issuance of a license "would amount to a usurpation by the court of the licensing power." *Id.* at 545, quoting *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 376-377 (1941). We concluded that a party aggrieved by a discretionary decision of a local licensing authority must either "appeal under a statute which specifically provides a right of appeal from the decision, or, if no right of appeal is so provided, to petition for a writ of certiorari." *Johnson Products, supra.* See *Doherty* v. *Retirement Bd. of Medford, ante* 130, 134 (1997), quoting *Mac-Kenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, 614 (1961) ("certiorari is the only way of reviewing decisions declared final by statute"). Our reasoning and conclusion in *Johnson Products* remain sound, and we decline the plaintiffs' invitation to overrule it.

General Laws c. 148, § 13, the statute authorizing the issuance of the license sought by Henry, provides that a person aggrieved by the grant of a license has the right to appeal from the decision to the State fire marshal.[8] The statute does not provide a right of appeal to any court; in the absence of a provision for judicial

---

[6]In *Johnson Prods., Inc.* v. *City Council of Medford,* 353 Mass. 540, appeal dismissed, 392 U.S. 296 (1968), the plaintiff was the operator of retail gasoline outlets at several locations in New England, including Massachusetts. It applied to the city council of Medford for a license to build and operate a "gasoline island" that the council denied. *Id.* at 541. Johnson filed a petition for a writ of certiorari and an action for declaratory relief pursuant to G. L. c. 231A, § 1, against the city and the council. *Id.*

[7]General Laws c. 231A, § 1, provides in relevant part: "The supreme judicial court [and] the superior court . . . may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby . . . ."

[8]General Laws c. 148, § 13, provides in relevant part: "Any person aggrieved by the granting of a license hereunder on the ground that the exercise thereof would constitute a fire or explosion hazard may . . . appeal to the [State fire] marshal who . . . shall finally determine whether such a hazard would result."

review of the board's decision, G. L. c. 249, § 4,[9] provides that an aggrieved person may seek relief in a civil action in the nature of certiorari.[10] That is the only avenue for relief available to the plaintiffs. The exercise here of judicial review over the discretionary administrative decision of the board in the form of a declaratory judgment would constitute an impermissible usurpation of the board's licensing power.

Our decisions since *Johnson Products* are consistent with the conclusion that we reach today. In *Reading* v. *Attorney Gen.*, 362 Mass. 266, 271 (1972), we wrote: "In many instances, litigants need not bring either mandamus or certiorari but may instead seek a declaratory judgment," but that case addressed the "sole issue" whether the appropriate action lay in mandamus or certiorari, and not whether declaratory relief was an available alternative or substitute remedy for certiorari. *Id.* at 267. In 1981, we explicitly reaffirmed *Johnson Products* in *Konstantopoulos* v. *Whately*, 384 Mass. 123, 129 (1981), and said again that "declaratory relief under G. L. c. 231A, § 1, is not a substitute remedy for an action in the nature of a writ of certiorari to review the merits of a discretionary decision made by licensing authorities." We reaffirm that a civil action in the nature of certiorari is the sole relief available to a party aggrieved by a discretionary decision of a local licensing authority.[11]

[9]General Laws c. 249, § 4, provides in pertinent part: "A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the supreme judicial or superior court."

[10]The plaintiffs are correct that we decided *Johnson Products* seven years prior to the promulgation of Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), that abolished the common law writ of certiorari reviewed in that case. However, the revision of G. L. c. 249, § 4, by St. 1973, c. 1114, § 289, statutorily revived the writ of certiorari by providing for a civil action in the nature of certiorari, conforming it to rule 81 (b). See *Konstantopoulos* v. *Whately*, 384 Mass. 123, 128 (1981). Whether review occurs under the former writ of certiorari or the current civil action in the nature of certiorari, courts may not improperly encroach on the scope of responsibility and expertise of administrative agencies by granting declaratory relief pursuant to G. L. c. 231A, § 1. See *Johnson Prods.*, *supra* at 545.

[11]The plaintiffs argue that, even if they are precluded from bringing a declaratory judgment action to challenge the decision of the board, this rule should not preclude them from bringing a declaratory judgment action to challenge the action of the Belchertown town clerk when he revived what they describe as a "defunct" license issued for land different from the property

Henry makes a claim under Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979), and G. L. c. 211A, § 15, for an award of attorney's fees and double costs on the grounds that the plaintiffs' appeal is frivolous and intended for delay. We deny his claim.

*Judgment affirmed.*

conveyed to Henry. We disagree. General Laws c. 148, § 13, authorizes the "local licensing authority," here the board and not the town clerk, to issue a license. The plaintiffs incorrectly ascribe legal significance to the action of the town clerk in locating the mislaid 1943 license. Only the board can recognize the validity and applicability of the license that the plaintiffs seek to attack, and any claim that the 1943 license did not attach to the property should have been addressed to the board.