McDonald, J.
On September 8, 1998, this case was before the court for hearing on the motion of the defendant Board of Selectmen (“Board”) to dismiss the plaintiff Robert Ome’s (“Ome”) complaint for judicial review[2] and for declaratory judgment. When Ome was discharged by the Board from his position as a part-time police officer for the Town of Spencer (‘Town”), he appealed his termination to the defendant Civil Service Commission (“CSC”). The CSC determined, pursuant to Chapter 36 of the Acts of 1975 (the “Act”),[3] that it lacked jurisdiction to review Ome’s discharge. Ome then filed this complaint for judicial review of the CSC decision pursuant to G.L.c. 30A In addition, Ome seeks a declaratory judgment of his rights under the Act.
In support of its motion to dismiss, the Board argues that Orne has failed to state a claim on which relief may be granted. Mass.R.Civ.P. 12(b)(6). Specific *621 ally, the Board contends 1) that the CSC did not have jurisdiction to hear Ome’s appeal, 2) that Ome is not entitled to judicial review of the CSC decision pursuant to G.L.c. 30A, and 3) that Ome’s appeal of his discharge by an action in the nature of certiorari pursuant to G.L.c. 249, §4 is now time barred, and declaratory relief cannot be granted for an action that should have been brought in certiorari.
For the following reasons, the defendant’s motion to dismiss will be ALLOWED.
BACKGROUND
The administrative record reveals the following facts. Prior to 1975, all police officers in the Spencer Police Department were civil service employees. With the passage of the Act in 1975, members of the police department appointed before 1975 retained their civil service status.[4] Members appointed after passage of the Act, however, were specifically exempted from civil service laws and mies. Acts 1975 c. 36, §1. When members appointed after 1975 have served for three consecutive years, they may serve until age 65 unless removed by the selectmen “in the manner provided by chapter 31 of the General Laws .. . relative to removal from the classified civil service.” Id.
From June 1993 until August 15, 1997, Ome was employed as a part-time police officer for the Town. On July 30, 1997, the Board conducted a hearing to determine whether there was just cause to discipline Orne for seven allegations of inappropriate activity and violation of the mies and regulations of the police department. Orne received 15 days notice of the hearing, at which he testified and was represented by counsel. On August 4, 1997, the Board found that the evidence at the hearing established just cause to discipline Orne for three of the seven charges, and voted to terminate his employment. On August 12, 1997, Orne received written notice of the Board’s decision, specifying the reasons for his dismissal.
On August 18, 1997, Ome appealed his termination to the CSC. The CSC allowed the Board’s motion to dismiss Ome’s appeal, stating that it lacked jurisdiction because Orne was not a civil service employee. Subsequently, Ome filed this action seeking judicial review of the CSC’s dismissal of his appeal pursuant to G.L.c. 30A and a declaratory judgment of his rights under the Act pursuant to G.L.c. 231A, §2.
DISCUSSION
To dismiss an action under Mass.R.Civ.P. 12(b)(6), the court must find "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.” General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992). There are no disputed facts in this case. The court must decide as a matter of law 1) whether the CSC properly dismissed Ome’s appeal for lack of jurisdiction, 2) whether Orne is entitled to judicial review of the CSC decision pursuant to G.L.c. 30A, and 3) whether an action for declaratory judgment may substitute for a petition of certiorari.
(1) CSC Review of Ome’s Discharge
The CSC dismissed Ome’s appeal for lack of jurisdiction because, under the Act, Ome was not a civil service employee. Ome argues that: (1) the dismissal was improper because the Act entitles him to discharge “in the manner provided by G.L.c. 31" (the civil service statute): (2) G.L.c. 31, §41 sets forth the procedural requirements that are intended to provide due process for the discharge of tenured civil service employees; and (3) G.L.c. 31, §42 provides that ”any person who alleges that an appointing authority has failed to follow the requirements of Section 41 which has affected his employment . . . may file a complaint with the commission." Ome argues, therefore, that the Act entitles him to CSC review of his discharge and that the CSC erred in dismissing his appeal. This interpretation of “in the manner provided by” contradicts the express intent of the Act.
The title of an Act is, in a legal sense, a part of the Act, and may serve as an aid in the interpretation of the Act. Sanitoy, Inc. v. Ilco Unican Corp., 413 Mass. 627, 632 (1992). Here, the Act is titled, in pertinent part, “An Act Providing That Members of the Police Department of the Town of Spencer Be Exempted From the Civil Service Laws and Rules.” “Exempt” is ordinarily understood to mean “to free from a rule or obligation which applies to others.” Webster’s New Collegiate Dictionary 491 (9th edition, 1983). Consequently, Ome’s argument that his discharge must comply with the full range of civil service laws and mies contradicts the intent of the legislature as expressed by the title of the statute.
Similarly, the ordinary meaning of “in the manner” is “like” or “similar to,” Webster’s New Collegiate Dictionary 692 (9th edition, 1983). Where the Act specifically exempts employees such as Ome from civil service laws and mies, “in the manner provided by" cannot reasonably be interpreted to mean that Orne is entitled to all the procedural protections that the civil service laws, including G.L.c. 31, §§41 and 42, provide for tenured civil service employees. See Pielech v. Massasoit Greyhound, Inc., 423 Mass. 534, 539 (1996) (the words of a statute must be accorded their plain and ordinary meaning).
“The language of a statute is not to be enlarged or limited by construction unless its object and plain meaning require it.” See Tesson v. Commissioner of the Department of Transitional Assistance, 41 Mass.App.Ct. 479, 482 (1996). It would significantly enlarge the statute to construe the Act that exempts Spencer police officers from civil service laws and mies to require strict adherence with such laws and mies when such officers are to be discharged from their positions.
The intent of the legislature, as can be gleaned easily from the plain meaning of the words used in the Act, was to exempt members of the Spencer Police Department *622 from the civil service laws and rules, but to protect those who serve three consecutive years from arbitrary removal by requiring discharge procedures similar to those required for the removal of persons to whom the civil service laws and rules do apply.
The process, as described in G.L.c. 31, §41 requires: written notice, including the action contemplated, the reasons therefore, and a copy of §41-45 of the chapter; a hearing not less than three days after the notice; and a decision by the appointing authority within two days after it conducts the hearing. That is to say, the process must comply with the fundamental elements of due process. See Mathews v. Eldridge, 424 U.S. 319 (1976). It appears, from the record available to the court, that the procedure used by the Board reasonably conformed to the process described in §41, except that the notice to the plaintiff did not include a copy of G.L.c. 31, §41-45. Since the plaintiff was, however, exempt from civil service laws and rules, it was not necessary for the notice to include copies of specific sections of the civil service statute.
For the same reasons, exemption from the civil service laws and rules exempts the members of the Spencer Police Department from CSC review of disciplinary decisions made by the Board. Because the protections of the civil service statute do not apply to the plaintiff and his former colleagues, the plaintiff is not entitled to CSC review of his discharge (G.L.c. 31 §§42 and 43) or to judicial review of the CSC decision pursuant to G.L.c. 31, §44. To the extent that basic due process requires a review of the procedures employed by the Board to discharge the plaintiff, such review was available in the nature of certiorari, infra. G.L.c. 249, §4.
(2) G.L.c. 30A Review
Ome also argues that his right to discharge “in the manner provided by G.L.c. 31" entitles him to judicial review of the CSC decision under the State Administrative Procedure Act, G.L.c. 30A (“c. 30A”). Section 14 of G.L.c. 30A, provides for judicial review of final decisions of administrative agencies in adjudicatory proceedings. Unfortunately for the plaintiff, the definition of "Agency" contained in c. 30A specifically excludes the CSC. G.L.c. 30A, §1(2). Accordingly, Ome is not entitled to c. 30A review. See also Bielawski v. Personnel Administrator of the Division of Personnel Administration, 422 Mass. 459, 464 (1996); Mayor of Revere v. Civil Service Commission, 31 Mass.App.Ct. 315, 327 (1991).
(3) Action in Certiorari and Declaratory Judgment
Where a statute does not provide for a method of appeal of a decision made pursuant to its provisions, and where judicial review is otherwise unavailable, review may be obtained by filing an action in the nature of certiorari. G.L.c. 249, §4.
In this case, the Act is silent as to the proper method of appealing a discharge decision by the Board. Where Ome is not entitled to have his discharge reviewed by the CSC, or by the court pursuant to G.L.c. 30A, supra, an action in certiorari is the only form of review to which he is entitled under the Act. G.L.c. 249, §4. A writ of certiorari must be filed within 60 days of the action for which review is being sought. See Bermant v. Board of Selectmen of Belchertown, 425 Mass. 400, 403 (1997). Because Ome failed to petition for certiorari within 60 days of the Board’s decision, he has failed to comply with the time period prescribed by the statute.
Instead of an action in certiorari, Ome asks this court, under the authority ofG.L.c. 231A, to make a declaratory judgment that the town did not have just cause to discharge him under the requirements of the Act and G. L. c. 31. As a general rule, a declaratory judgment may not be used as a substitute for a writ of certiorari See Bermant at 403. Thus, a party who fails to meet the statutory deadline for a writ of certiorari may seek declaratory relief from the court only when the matter involves “special circumstances of public import,” such as the risk of a miscarriage of justice. Swansea v. Contributory Retirement Appeals Board, 43 MassApp.Ct. 402, 406-07 (1997). In Swansea, where a county board made a “serious and inexplicable mistake” in advising the town of its rights of appeal, the Appeals Court allowed the town’s action seeking declaratoryjudgment, notwithstanding the expiration of the limitations period for a writ of certiorari. Id. at 406. Ome has failed to present any special circumstances of public import that would justify declaratory relief.
CONCLUSION
As the Act exempts Spencer police officers appointed after 1975 from civil service laws and mies, the CSC correctly denied jurisdiction in this case. As the CSC is not an agency as defined in G.L.c. 30A, Orne is not entitled to c. 30A judicial review. As Orne failed to appeal his discharge by filing a petition for certiorari within the time mandated by the statute, and has failed to present special circumstances that would require declaratory relief, he is not entitled to such relief. Consequently, Orne has failed to present any set of facts in support of his claim that would entitle him to relief, and his action must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the motion of the defendant to dismiss the plaintiffs complaint is ALLOWED.

Defendant Civil Service Commission has filed a certified copy of the Administrative Record pursuant to G.L.c. 30A, §14 and Superior Court Standing Order 1-96.

The Act is entitled “An Act Providing that Members of the Police Department of the Town of Spencer Be Exempted from the Civil Service Laws and Rules and Further Regulating the Appointment of Members of the Police Department of Said Town.”

“The provisions of § 1 shall not impair the civil service status of any member of the police department. . . who holds such status on the effective date of this act." Acts 1975 c. 36, §2.