Botsford, J.
The plaintiffs Miami Systems Corporation (Miami Systems) and Michael Kitchen bring this action in the nature of certiorari to obtain review of an interlocutory order of the Appellate Division of the District Courts. The defendant Lori J. Kirby has moved to dismiss the action for lack of jurisdiction and for failure to state a claim on which relief can be granted. For the reasons summarized below, the motion is allowed.

BACKGROUND

The complaint in this action, with its attachments, reveals the following facts, which are not disputed. Miami Systems is an Ohio corporation with a principal place of business in Ohio. It sells business forms, printing, packaging and related computer services with 43 regional offices and nine production plants around the country; two of the regional sales offices are in Massachusetts, and one of the production plants is also located here. On April 10, 1997, Kirby began working for Miami Systems in Massachusetts as a regional sales representative. The defendant Michael Kitchen was Kirby’s supervisor. At the time she was hired, Kelly signed a form employment contract. Within the form contract is a forum selection clause which provides as follows:
(15) Governing Law and Forum, This Agreement shall be governed by the laws of the State of Ohio. Company [Miami Systems] and Representative [Kirby] hereby consent agree [sic.] that any action to enforce any provision of this Agreement shall be brought only in a state or federal court located in Hamilton County Ohio.
Kirby stopped working for Miami Systems on April 9, 1998, and she filed a complaint in the Framingham District Court on or about September 15, 1998. The complaint had four counts: a claim against Miami Systems for unpaid wages brought pursuant to G.L.c. 149, §§148 and 150 (Count I); a claim against Miami Systems for unpaid commissions also brought pursuant to.e. 149, §§148 and 150 (Count II); a breach of contract claim against Miami Systems (Count III);[3] and a claim for tortious interference with contractual relationship against the defendant Michael Kitchen (Count IV).
Miami Systems and Kitchen moved to dismiss Kirby’s entire complaint for improper venue pursuant to Mass.R.Civ.P. 12(b)(3), arguing that the contract’s forum selection clause barred Kirby from litigating any of her claims outside of Hamilton County, Ohio. A judge of the District Court allowed the motion, and Kirby appealed to the Appellate Division of the District Courts, which reversed the dismissal and remanded the case for trial. 1999 Mass.App.Div. 197 (Aug. 16, 1999) (Merrick, P.J.). Miami Systems then brought this certiorari action in the Superior Court.

DISCUSSION

An action in the nature of certiorari is governed by G.L.c. 249, §4, which provides in relevant part:
A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the supreme judicial court or superior court. . .
By its terms, this statute does not appear to apply in the circumstances presented by this case. I agree with the plaintiffs that there are instances in which the Superior Court may entertain an action in the nature of certiorari to review a decision of a District Court. See, e.g., Carney v. Springfield, 403 Mass. 604, 605 (1988); Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 46 (1993); Civil Service Comm’n. v. Boston Municipal Court Dept., 27 Mass.App.Ct. 343, 347 (1989). Cf. Commissioners of Civil Serv. v. Municipal Court of the City of Boston, 369 Mass. 84, 90 (1975). In these cases, however, what was at issue in the first instance was a decision of an agency that has conducted a proceeding quasi-judicial in nature but “not according to the course of the common law.” See, e.g., Carney, supra, 403 Mass. at 605 (review of Civil *612 Service Commission decision); Civil Serv. Comm’n v. Boston Municipal Court Dept., supra, 27 Mass.App.Ct. at 344-46 (same). See also Godfrey, supra, 35 Mass.App.Ct. at 46-48 (decision by chief of police not to renew gun license).
At issue in this certiorari action is an interlocutory ruling by the District Court Appellate Division in a case that was initiated de nova in the District Court and that appeared at the outset to constitute a proceeding that is “according to the course of the common law.” See Martin v. Commonwealth, 1 Mass. 347, 389 (1805). Kirby’s complaint in the District Court does not seek to review a decision of a court, that is statutorily declared to be final and conclusive. Compare Doherty v. Retirement Bd. of Medford, 425 Mass. 130, 134 (1997) (“certiorari is the only way of reviewing decisions declared final by statute” [quotation omitted); of Whitney v. Judge the Dist. Court of No. Berkshire, 271 Mass. 448, 458 (1930). Nor does Kirby seek review of an underlying proceeding before an administrative agency or a public official performing quasi-judicial functions for which there is no other available avenue of review. Compare Bermant v. Board of Selectmen of Belchertown, 425 Mass. 400, 404 (1997) (“a civil action in the nature of certiorari is the sole relief available to a party aggrieved by a discretionary decision of a local licensing authority”). Rather, the complaint sets forth classic common law claims — a breach of contract claim (now dismissed) and a tort claim — and two claims based on certain statutorily-created rights, and it seeks damages. Compare Fino v. Municipal Ct. of the City of Boston, 326 Mass. 277, 280 (1950) (supplementary process proceedings are not according to the course of the common law because they are equitable in nature; review by certiorari action is therefore appropriate).
There is a separate difficulty with the plaintiffs’ certiorari action. The action seeks review in the Superior Court of an interlocutory ruling by the Appellate Division. It is true that ordinarily, interlocutory decisions of the Appellate Decision are not subject to appeal, see, e.g., Jason v. Jacobson, 387 Mass. 21, 22-23 (1982) (order for a new trial), although there are exceptions to this rule. See, e.g., Chavoor v. Lewis, 383 Mass. 801, 805 (1981). It may be that a decision denying to dismiss a case on the basis of a forum selection clause would be reviewable as such an exception, even though G.L.c. 231, §118 does not apply to the Appellate Division. Cf. Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9 (2d Cir. 1995) (permitting appeal of interlocutory order denying dismissal of suit on basis of forum selection clause). But even if this were not the case, there is no question that ultimately, a final decision or judgment in the District Court action or “proceeding” is subject to appellate review. See G.L.c. 231, §§108, 109. The plaintiffs have cited no case, and I have found none, in which an action in the nature of certiorari has been brought under G.L.c. 249, §4, in the Superior Court (or the Supreme Judicial Court) to seek review of an interlocutory decision of a District Court judge or the Appellate Division of the District Court in a proceeding in which the final judgment of that court will be subject to appellate review. Put another way, the District Court “proceedings” at issue here, namely, the action filed by Kirby, in the final analysis are indeed “. . . reviewable by motion or by appeal." G.L.c. 249, §4.[4] Accordingly, it does not appear that an action in the nature of certiorari will lie where the only matter sought to be reviewed is an interlocutory decision made along the way in those proceedings.
A final point. The plaintiffs’ action in the nature of . certiorari should be dismissed for the reasons discussed above. But even if such an action were available to the plaintiffs in order to seek a review of the Appellate Division’s interlocutory decision, the court in conducting certiorari review “will correct only ‘substantial errors of law apparent on the record adversely affecting material rights,’ . . . The court will exercise its discretion to correct only those errors which have resulted in manifest injustice to the plaintiffls] or which have adversely affected the real interests of the general public.” Murray v. Second District Court of Eastern Middlesex, 389 Mass. 508, 511 (1983) (citations omitted). While the merits of the decision of the Appellate Division are not directly raised in Kirby’s motion to dismiss, it is questionable whether that decision presents any “substantial errors of law” resulting in “manifest injustice to the plaintiffls].”[5] For example, the argument by Kitchen that he is entitled to the benefit of the forum selection clause in Kirby’s contract with Miami Systems appears wholly without merit. Kitchen’s reliance on Jacobson v. Mailboxes Etc. USA., Inc., 419 Mass. 572, 579 (1995), is misplaced. The plaintiff in that case raised breach of contract claims against the defendant which were directly covered by the forum selection clause in the parties’ contract, and some additional tort claims against the same defendant which were based on pre-contract conduct. At issue was whether in light of the forum selection clause, the tort claims should be dismissed on forum non conveniens grounds. Here, Kitchen is not a party to the employment contract between Kirby and Miami Systems, and Kirby raises a tort claim against him that is in law independent of any claim she may have against Miami Systems. Moreover, Kitchen lives in Massachusetts and works in Massachusetts, as does Kirby. There is no basis to Kitchen’s claim that Kirby is required to bring her claim against Kitchen in a court in Hamilton County, Ohio. There is also a real question whether the forum selection clause applies to Kirby’s remaining claims against Miami Systems, both of which are based not on contract but on Massachusetts statutes. In any event, as the decision of the Appellate Division discusses, in the circumstances of this case enforcement of the forum selection clause may well not be “fair and reasonable.” Jacobson, 419 Mass. at 575; see id. at 579.

*613
ORDER

For the foregoing reasons, it is ordered that the complaint seeking relief in the nature of certiorari be dismissed. Kirby’s motion for costs and attorneys fees is denied.

 In October of 1998, Kirby dismissed the breach of contract claim.

 In Civil Serv. Comm’n v. Boston Municipal Court Dept., 27 Mass.App.Ct. 343, 346-47 n.5 (1989), a certiorari action reviewing an underlying Civil Service Commission decision, the employee raised for the first time on appeal the issue of whether an action in the nature of certiorari would properly lie in the Superior Court to review a decision of the Boston Municipal Court remanding the proceeding to the Civil Service Commission. The Appeals Court noted that normally, an order of remand to an administrative agency is not appealable by a certiorari action or otherwise but also noted that the issue should have been raised in the Superior Court. The Appeals Court then assumed without deciding the appeal before it was premature, but nonetheless reached the merits of the appeal because the case was old and the merits of the case had been briefed. I do not read this decision as one which generally authorizes review in the Superior Court by certiorari of an interlocutory ruling in the District Court.

 Since the forum selection clause designates the law of Ohio, presumably the law of Ohio will govern the interpretation of that clause and its enforcement, See Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 575 (1995). Abrief filed by Miami Systems in the Appellate Division states, however, that Ohio enforces forum selection clauses in line with Massachusetts courts. I have followed the parties’ lead.