NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11455


    NAUTICAL TOURS, INC. vs.  DEPARTMENT OF PUBLIC UTILITIES.


August 20, 2014.


Department of Public Utilities.  License.  Public Utilities,
     Sight-seeing vehicle.  Carrier, Sight-seeing vehicle.
     Motor Vehicle, Sight-seeing vehicle.



     Nautical Tours, Inc. (Nautical Tours), appeals from a
judgment of a single justice of this court affirming a decision
of the Department of Public Utilities (department) that it did
not have jurisdiction to issue the type of license needed by
Nautical Tours to operate its business in the city of Boston.
Nautical Tours seeks to operate amphibious motor vehicles for
sightseeing and charter purposes on the streets of Cambridge and
Boston and the waters of the Charles River and Boston Harbor.
The parties disagree about the appropriate license needed to
operate in Boston.  Nautical Tours contends that it must obtain
a municipal street license pursuant to G. L. c. 159A, § 1.  The
department ruled that Nautical Tours was required to obtain a
sightseeing license, which the Boston police commissioner has
the exclusive authority to issue, pursuant to St. 1931, c. 399.
We agree with the department that the Legislature established
two different licensing schemes.  Although a municipal street
license is needed to carry passengers for hire on the public
ways of cities and towns in the Commonwealth under G. L.
c. 159A, § 1, a sightseeing automobile operating in the city of
Boston must obtain a separate sightseeing license under St.
1931, c. 399.  Because we further agree with the department that
it did not have jurisdiction to issue Nautical Tours a municipal
street license to operate its amphibious motor vehicles in
Boston, we affirm.

     Background.  In 2010, Nautical Tours filed a petition with
the department concerning its proposed operation of amphibious

motor vehicles over certain public ways in Boston.  Nautical Tours asked the department (1) to exercise its licensing authority to issue a municipal street license under G. L. c. 159A, § 1; and (2) to amend the certificate of public convenience and necessity that it had issued in a proceeding in 2007, under G. L. c. 159A, § 7.

In its 2007 order, the department concluded that Nautical Tours had not met its burden of demonstrating that it was able to operate its proposed plan, because it could not demonstrate that it had secured adequate financing.  See Deacon Transp., Inc. v. Department of Pub. Utils., 388 Mass. 390, 394 (1983). To facilitate Nautical Tour's ability to obtain financing, the department, among other things, issued to Nautical Tours a conditional certificate of public convenience and necessity in accordance with G. L. c. 159A, § 7, which required Nautical Tours either to obtain from the Boston police commissioner a sightseeing license in accordance with St. 1931, c. 399, or to obtain a waiver of the sightseeing license and to obtain a municipal street license under G. L. c. 159A, § 1.  Nautical Tours did not appeal from that order.[1]

Following the 2007 order, Nautical Tours did not apply to the police commissioner for a sightseeing license.[2]  Instead, in 2010, it applied to the Boston city council for a municipal street license.  In its application, Nautical Tours described that it would be operating a "sightseeing tour."  Within the sixty days allowed under G. L. c. 159A, § 1, the council did not respond or act favorably on the application.[3]

---

[1] In 2010, Nautical Tours, Inc. (Nautical Tours), asked the Department of Public Utilities (department) to amend its conditional certificate of public convenience and necessity for Boston by adding specific routes, which it acknowledges had been approved in the 2007 order.  Nautical Tours did not appeal that order and it is not a subject of this appeal.

[2] Before the department, Nautical Tours maintained that it unsuccessfully sought a waiver of the sightseeing license requirement from the Boston police department.

[3] The Boston city council is not a party to this appeal, and there is nothing in the record explaining the city council's position.

In 2010, relying on G. L. c. 159A, § 1, Nautical Tours petitioned the department.[4]  The department dismissed the petition.  Recognizing that the Legislature had given the Boston police commissioner "exclusive authority" to license sightseeing automobiles in the city of Boston under St. 1931, c. 399, it determined that it did not have jurisdiction to issue a municipal street license to Nautical Tours for its operation under § 1, and therefore dismissed Nautical Tour's petition.

Pursuant to G. L. c. 25, § 5, Nautical Tours appealed to the county court from the department's order of dismissal.  In 2013, the single justice issued a detailed memorandum of decision and ordered the entry of judgment affirming the department's order.  This appeal followed.

Discussion.  Based on our review of the legislative history, it is clear that a municipal street license is needed to carry passengers for hire on the public ways of cities and towns in the Commonwealth.  G. L. c. 159A, § 1.[5]  Where a local licensing authority does not act favorably on an application for a municipal street license, the department, on an appeal by the applicant, can exercise its authority to act on the application. Id.  In establishing this statutory scheme, however, the Legislature, through a special act, required a sightseeing automobile in the city of Boston to have a separate sightseeing license.  St. 1931, c. 399.[6]  Given the nature of sightseeing

---

[4] In its petition, Nautical Tours had asked the department to issue a municipal street license.  It also included an application for a municipal street license that described the proposed services as "land and water sightseeing tours." Because, as discussed infra, Nautical Tours could not operate a sightseeing vehicle in the city of Boston without a sightseeing license, for all practical purposes Nautical Tour was asking the department to issue a sightseeing license.

[5] General Laws c. 159A, § 1, grants cities and towns authority in the first instance to license "any motor vehicle upon any public way . . . for the carriage of passengers for hire."  G. L. c. 159A, § 1.  When "any application for a license . . . is not favorably acted upon within a period of sixty days after the filing thereof, the applicant may appeal to the department."  Id.

[6] Under St. 1931, c. 399, § 3, the Boston police commissioner has "exclusive authority to license in said city

vehicles, here amphibious motor vehicles, and the public safety concerns associated with their operation on the sometimes narrow, crooked, and congested streets of Boston, the sightseeing licensing requirement is reasonable.  See Commonwealth v. Boston & Maine Transp. Co., 282 Mass. 345, 350–351 (1933).  We also find support for that conclusion in the lengthy legislative history concerning municipal street licenses under G. L. c. 159A, § 1, and Boston sightseeing licenses under St. 1931, c. 399.

The Legislature first gave the Boston police commissioner exclusive authority to license sightseeing automobiles in 1913.  See St. 1913, c. 592.  In 1926, the Legislature granted to the department, in certain circumstances, licensing authority over municipal street licenses.  See St. 1926, c. 392.  In 1931, the Legislature reorganized the laws relating to transportation for hire by motor vehicles and, as part of that process, enacted G. L. c. 159A.  St. 1931, c. 408.  The new statute essentially retained the same language as the previous act, St. 1926, c. 392, concerning the department's licensing authority.  G. L. c. 159A, § 3.  On the same day that it passed that legislation, the Legislature also repealed the 1913 act establishing the police commissioner's exclusive authority to issue sightseeing licenses in the city of Boston and simultaneously restored that authority in the special act that is at issue in this appeal, St. 1931, c. 399, § 8.

It was not until 1975 that the Legislature amended the General Laws to include the language of G. L. c. 159A, § 1, par. 2, that is also at issue here.  St. 1975, c. 740.  With this amendment, the department's licensing authority was expanded to include any application for a license, not just applications in the limited circumstances previously authorized by St. 1926, c. 392.  The current version of the statute provides:  "If any application for a license . . . is not favorably acted upon [by the local licensing authority] within a period of sixty days after the filing thereof, the applicant may appeal to the department."  G. L. c. 159A, § 1, par. 2.  However, in 1975, the Legislature did not repeal the Boston police commissioner's exclusive licensing authority with respect to sightseeing operations in Boston, which had been previously upheld by this

sight-seeing automobiles," which the statute defines as any automobile "used for the carrying for a consideration of persons for sight-seeing purposes in or from the city of Boston."  St. 1931, c. 399, § 1.

court.  Commonwealth v. Boston & Maine Transp. Co., supra at 349, and cases cited.

It is axiomatic that "the provisions of a special act generally prevail over conflicting provisions of a subsequently enacted general law, absent a clear legislative intent to the contrary."  Dartmouth v. Greater New Bedford Regional Vocational Tech. High Sch. Dist., 461 Mass. 366, 374 (2012), quoting Boston Teachers Union, Local 66 v. Boston, 382 Mass. 553, 564 (1981). We think that this principle applies in the circumstances of the present case.  Since 1913, the Legislature has consistently maintained the Boston police commissioner's exclusive licensing authority over sightseeing vehicles in the city of Boston. Since 1926, although the Legislature has continued to expand the department's licensing authority, it has not repealed the police commissioner's exclusive authority when it comes to licensing sightseeing operations in Boston.  Thus, we find support in the legislative history for the department's position that the special act granting the Boston police commissioner exclusive licensing authority for sightseeing automobiles, St. 1931, c.  399, prevails over the general law.  Moreover, the department is entitled to deference in interpreting a general law that it is charged with implementing and enforcing, here G. L. c. 159A.  Commerce Ins. Co. v. Commissioner of Ins., 447 Mass. 478, 481 (2006).

For all of these reasons, we agree with the department's position that Nautical Tours needed to obtain a sightseeing license pursuant to St. 1931, c. 399, over which the Boston police commissioner has exclusive authority.  The department did not have any licensing authority in this regard pursuant to G. L. c. 159A, § 1.  We recognize that at different times in this case, and in at least one other case, the department appears to have taken inconsistent positions on its jurisdiction to issue municipal street licenses for Boston sightseeing automobiles.  This, however, cannot derail our conclusion that the department is without jurisdiction here.  Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981) (recognizing that subject matter jurisdiction cannot be conferred by prior action).

Nautical Tours is not without a remedy.  Under rule 404 of the Boston police department's rules and procedures, there is an established mechanism by which Nautical Tours can apply for a

license for a sightseeing automobile.[7]  Boston Police Department Rules and Procedures on Sight-Seeing Automobiles, Rule 404, § 2 (Applications for Sight-Seeing Licenses) (January 5, 2010).  The rules further provide that "[a]ny person aggrieved by a final decision of the Police Commissioner under this section may seek relief in any court of competent jurisdiction as provided by the laws of the Commonwealth."  Id. at § 11.4.4.7.  Where, as here, there is no right of appeal expressly provided in St. 1931, c. 399, a party aggrieved by the decision can seek judicial review in the nature of certiorari.  See G. L. c. 249, § 4.  See also Bermant v. Selectmen of Belchertown, 425 Mass. 400, 403 (1997), citing Johnson Prods., Inc. v. City Council of Medford, 353 Mass. 540, 545, cert. denied, 392 U.S. 296 (1968).

Conclusion.  For the reasons stated, we affirm the judgment of the single justice affirming the department's order that it did not have jurisdiction.

Judgment affirmed.


George J. West for Nautical Tours, Inc.
Daniel J. Hammond, Assistant Attorney General, for Department of Public Utilities.

---

[7] We find merit in the department's argument that, by promulgating this rule, the Boston police commissioner appears to have remedied any past failure to exercise exclusive jurisdiction over sightseeing licenses.